JOHN H. GILDEA, JUNIOR, TRUSTEE OF HARRY C. JONES, TRADING AS H. C. JONES AND COMPANY, BANK-RUPT, (SUBSTITUTED AS A PARTY DEFENDANT IN THIS CASE BY ORDER OF THE SUPERIOR COURT OF BALTIMORE CITY),

*vs.*

## TETZEN LUND.

*Set off: plea of—; defendants' right to dismiss.*

Under the Code, sec. 193 of Art. 75, the plaintiff's right to dismiss is limited to a time before the argument upon the facts is begun before the jury, or the Court sitting as a jury.  p. 388

The same right, with practically the same limitations, is accorded the defendant who has pleaded a set off.          p. 388

But if the plaintiff properly exercises his right of dismissal, the defendant will not be allowed to proceed with the trial of his claim of set off.                         p. 389

*Decided November 14th, 1917.*

Appeal from the Superior Court of Baltimore City. (DOBLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Edward M. Hammond* (with whom was *Jos. Townsend England* and *Albert S. Gill* on the brief), for the appellant.

*John L. V. Murphy,* submitted the case on a brief for the appellee.

BURKE, J., delivered the opinion of the Court.

This is an appeal from an order of the Superior Court of Baltimore City overruling a motion made by the defendant to strike out the plaintiff's order dismissing the suit and to reinstate the case upon the docket for trial. The question raised is a new one in this State, although it has been considered and passed upon in other jurisdictions. The decisions upon the question are not in harmony. But in view of the long established practice of this State, and the settled principle of the common law relating to the subject, we have no difficulty in affirming the action of the lower Court.

The record shows that on the 7th day of February, 1916, Tetzen Lund, a resident of Denmark, brought the suit in the Superior Court of Baltimore City against Harry C. Jones, trading as H. C. Jones & Company. The action was in assumpsit. The declaration contained four counts,—three common counts and one special count, which set out a breach of contract made by the defendant to deliver to the plaintiff about eighty thousand bushels of corn. The defendant filed the general issue pleas and two pleas of set-off in which it was claimed that the plaintiff was indebted to the defendant in an amount greater than the plaintiff's alleged claim. With the first plea of set off the defendant filed an account showing the items claimed to be due him by the plaintiff. A demand for a bill of particulars of the claim of set-off was filed by the plaintiff, and in response to which the defendant said that the particulars filed with the plea of set-off constituted the defendant's claim. The plaintiff excepted to the bill of particulars, and the Court sustained the exceptions. The defendant then filed the second or additional plea of set-off to which the plaintiff demurred, but the demurrer was not passed

upon. Upon the filing of the additional plea and pending the demurrer, John H. Gildea, Jr., Trustee in bankruptcy of Harry C. Jones, the original defendant, trading as H. C. Jones & Company, was by an order of Court dated October 10, 1916, substituted as a party defendant. On October 18, 1916, the plaintiff by his attorney dismissed the suit by a written order filed with the clerk. On November 21, 1916, John H. Gildea, Jr., trustee, filed a petition to strike out the order of dismissal. The grounds upon which the Court was asked to strike out the order are set out in the petition as follows:

"That as will appear from the pleadings in the above-entitled case, the defendant has filed pleas of set-off under which he claims that there is due and owing to him a larger sum than is demanded by the plaintiff herein, and for which amount the defendant has asked the judgment of this Honorable Court.

"That under an order filed with the clerk of this Court on the eighteenth day of October, 1916, it appears that the above case was entered dismissed on the docket of this Court.

"That your petitioner believes and therefore avers that said dismissal without the order or judgment of this Court thereon, is in prejudice of his rights as a party defendant, which are set up and claimed under the plea of set-off aforesaid, and that said plaintiff should not be permitted to dismiss the above-entitled cause for the reasons heretofore assigned, and also by virtue of the fact that he is an alien, and citizen and subject of the Kingdom of Denmark, and by his declaration heretofore filed in the above-entitled case, he has submitted himself to the jurisdiction of this Court, and to any judgment which may be obtainable against him by the defendant under his plea of set-off aforesaid.

"Wherefore your petitioner prays this Court to pass an order vacating and annulling the order of dismissal above referred to and reinstating this case on the dockets of this Court, for such further procedure as shall be necessary and proper therein."

The lower Court dismissed the petition and the defendant prosecuted this appeal.

At common law the plaintiff in an action at law had the unqualified right to control his action by dismissing it, or by submitting to a judgment of *non pros,* and, in the absence of a statute qualifying or restricting this right, it was not affected by the mere filing of a plea of set-off. In a number of the States this common law right is qualified or taken away by statute. In this State the plaintiff has always exercised his common law right to dismiss the action in his own discretion, and the only statutory qualification ever placed upon that right is the limitation as to the time within which he shall exercise it contained in the Act of 1914, Chapter 432. That Act is codified in section 173, Article 75, Volume 3 of the Code, and provides that: "In all trials of actions at law in the courts of this State, it shall not be necessary to call the plaintiff before the verdict is rendered; nor shall the plaintiff be entitled to dismiss his suit or submit to a voluntary judgment of *non pros* after argument upon the facts has begun in cases tried before a jury or before the Court sitting as a jury; but the plaintiff shall have the same right to dismiss such case or submit to a voluntary judgment of *non pros* thereon, up to the time when such argument on the facts has begun, as before the enactment of this section.

"And in all cases where a defendant has specially pleaded set-off, the defendant shall similarly be entitled to dismiss his claim of set-off, or submit to a voluntary judgment of *non pros* thereon, to the same extent and up to the same point of time as the plaintiff shall be entitled to take such action with respect to his claim."

It will thus be seen that the plaintiff's right to dismiss the suit is expressly preserved by this section, but the exercise of the right is limited to a time before the argument upon the facts has begun before the jury or the Court, sitting as a jury. The same right, with precisely the same limitation is accorded the defendant who has pleaded a set-off. The contention is made that the plaintiff's right of dismissal extends

only to his own cause of action, and that the defendant may proceed to the trial of his claim of set-off, notwithstanding the dismissal by the plaintiff. This would not only be a novelty in the practice of this State, but would seem to be in utter disregard of both the spirit and letter of the statute permitting the pleading of set-off.

Section 12, Article 75 of the Code, Volume 3, authorized a defendant to plead specially in set-off a claim for liquidated or unliquidated damages, and section 13 of the same Act provides that: "In every case where a special plea is filed as authorized by the preceding section, judgment for the excess of the one claim over the other, as each is proved, with costs of suit, shall be given in favor of the plaintiff or the defendant, according as such excess is found in favor of the one or other of the parties, if such excess be sufficient to support a judgment in the Court where the cause is tried according to its established jurisdiction, otherwise the finding of such excess to be due shall have the same effect as is given to verdicts for amounts below the Court's jurisdiction by Article 26, section 17 of this Code."

The statute evidently contemplates a trial and determination of the claims of the respective parties, and "judgment for the excess of the one claim over the other, as each is proved, etc." In the absence of a statute qualifying the plaintiff's right to dismiss the action within the time provided by law, we are not justified upon consideration of supposed hardships and inconveniences to change the settled practice of this State and to deny the plaintiff's common law right to dismiss his action.

The order appealed from will be affirmed.

*Order affirmed, with costs*