STANDARD WHOLESALE PHOSPHATE & ACID
WORKS, INC., *v.* AARON STARLER
[No. 47, October Term, 1935.]

*Decided January 14th, 1935.*

The cause was submitted on briefs to BOND, C. J.,
URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN,
and JOHNSON, JJ.

*Reuben L. Uman,* for the appellant.

*Louis J. Sagner* and *Solomon Hirschhorn,* for the appellee.

SHEHAN, J., delivered the opinion of the Court.

Aaron Starler, appellee, brought a suit in assumpsit in the Baltimore City Court against the Standard Wholesale Phosphate & Acid Works, Inc., appellant, on an open account. The appellant, the Standard Wholesale Phosphate & Acid Works, Inc., pleaded the general issue pleas and a special plea of set-off, containing the first four common counts and a special count for a sum greater than that of the plaintiff. The defendant also moved for and obtained a rule security for costs. This rule was not complied with in the time allowed, nor were there filed replications, whereupon a motion was made by the defendant for a judgment by default against the plaintiff "for want of replication and for want of plea to counter suit of the defendant as against the plaintiff under the defendant's third plea," and on January 28th, 1935, a judgment by default was entered against the plaintiff on this motion. On the same day and at the same time the defendant moved for a judgment of *non pros.* because of the failure of the plaintiff to comply with the rule security for costs. On January 28th, 1935, a judgment of *non pros.* was entered in favor of the defendant, and also a judgment for costs.

On March 20th, 1935, the plaintiff moved to strike out both judgments, to which the defendant, the Standard Wholesale Phosphate & Acid Works, Inc., filed an answer asking that these motions to strike out the two judgments be dismissed. The motion of the plaintiff to strike out the judgment by default for want of replication and plea to the counterclaim was granted, and the motion of the plaintiff to strike out the judgment of *non pros.* was overruled. The result of these rulings was to completely and entirely dispose of this litigation. The judgment on the counterclaim was stricken out and the judgment of *non*

*pros.* for failure to comply with the rule security for costs was permitted to stand.

The question here presented is whether the court erred in entirely disposing of the case by its action, and whether the court had the right to dispose of the counterclaim in the manner and form above recited. It had been definitely decided in this state, prior to the Act of 1920, chapter 661, that the plaintiff had the right to dismiss or relinquish its suit at law, and in so doing to dispose of a counterclaim pleaded by way of set-off. In the case of *Gildea v. Lund,* 131 Md. 385, 102 A. 467, 468, the defendant filed a plea of set-off. The plaintiff then voluntarily dismissed his case. There was a motion to reinstate on the docket for trial the issues raised by his plea of set-off. This motion was overruled and the Court of Appeals sustained the ruling. Judge Burke, speaking for the court in that case, said: "At common law the plaintiff in an action of law had the unqualified right to control his action by dismissing it, or by submitting to a judgment of *non pros.,* and, in the absence of a statute qualifying or restricting this right, it was not affected by the mere filing of a plea of set-off." After quoting the provisions of chapter 432 of the Acts of 1914, this court proceeds as follows: "The contention is made that the plaintiff's right of dismissal extends only to his own cause of action, and that the defendant may proceed to the trial of his claim of set-off, notwithstanding the dismissal by the plaintiff. This would not only be a novelty in the practice of this state, but would seem to be in utter disregard of both the spirit and letter of the statute permiting the pleading of set-off."

In view of this decision, the question presented in this appeal turns upon the construction of chapter 661 of the Acts of 1920, Code, art. 75, sec. 183, wherein it is provided that "no voluntary dismissal of the suit or submission to voluntary judgment of *non pros.* by the plaintiff shall interfere with or affect the right of the defendant to recover in said suit on his plea of set-off." The true meaning and

proper construction of the phrase, "submission to voluntary judgment of *non pros.* by the plaintiff," is the question involved.

The learned court below found that the judgment of *non pros.* in this case was not a voluntary one, within the meaning of the Act of 1920, *supra,* and that the act as it now stands only applies to voluntary dismissals and voluntary judgments of *non pros.* and does not apply to judgments of *non pros.* entered on motion of the defendant against the plaintiff, and contrary to his wishes. There are no cases in the briefs or cited by the court below in its opinion, throwing light upon this question, or tending to sustain or refute this construction, but we are of the opinion that the learned court was correct in its interpretation of the meaning of the statute, and the judgment of the court should be affirmed.

*Judgment affirmed, with costs to the appellant.*