**Robert D. HOLT, Plaintiffs,**

v.

**GRANITE CITY STEEL COMPANY, Defendant.**

**Civ. No. 3618.**

United States District Court
E. D. Illinois.

Oct. 22, 1957.

Moran & Beatty, Granite City, Ill., and Maurice E. Bone, East St. Louis, Ill., for plaintiff.

Listeman & Bandy, East St. Louis, Ill., for defendant.

JUERGENS, District Judge.

The plaintiff alleges in his complaint that on August 26, 1940, he was a minor nine years of age; that he was injured on the premises of the defendant; that at the time his guardian, with approval of the Probate Court of Madison County, Illinois, entered into a compromise settlement with the defendant for the injuries he sustained. Count 1 of the complaint asks that the release which was given in settlement of the injuries sustained on August 26, 1940, be set aside because of fraudulent representations made at the time of the settlement. In Count 2 the plaintiff seeks damages for the alleged injuries.

The defendant filed its motion for a separate trial of Counts 1 and 2.

Under the provisions of Rule 18, Federal Rules of Civil Procedure, Title 28 United States Code, it is provided that claims of this nature may be joined.

However, Rule 42 of the Federal Rules of Civil Procedure, Title 28 United States Code, provides:

"(b) the court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims or issues."

It is under the provisions of this Rule that the defendant seeks a separate trial as to Count 1 and Count 2. Whether or not separate issues shall be granted in cases of this nature is within the sound discretion of the trial court. Bowie v. Sorrell, 4 Cir., 209 F.2d 49, 43 A.L.R.2d 781.

In the instant case the proof required to substantiate Count 1 is separate and distinct from the proof which will be required in proving Count 2. In the pretrial stipulations between the parties it was estimated that one and a half days would be necessary if Count 1 was tried separately, whereas if both Count 1 and Count 2 were to be tried, three days trial time would be consumed.

Before Count 2 may be decided it is necessary that a decision be rendered as to Count 1 and in view of the fact that the release mentioned in Count 1 was obtained by an insurance company, it is most probable that the presence of the insurance company in the action will be disclosed in attempting to prove Count 1. Such disclosure may be prejudicial to the rights of the defendant in this suit.

The court is of the opinion that in accordance with Rule 42(b), separate trials as to Count 1 and Count 2 should be had, both for convenience and to avoid possible prejudice to the defendant.