659 A.2d 411

**Jean ALLEN**

v.

**Stanley Michael ALLEN.**

**No. 1784, Sept. Term, 1994.**

Court of Special Appeals of Maryland.

June 8, 1995.

362

Susan S. Flanigan (Law Offices of Cole & Hammond, on the brief), Baltimore, for appellant.

Christopher J. Eastridge (Bathon, Eastridge & Bathon, P.A., on the brief), Elkton, for appellee.

Submitted before MOYLAN, DAVIS and HARRELL, JJ.

HARRELL, Judge.

In the aftermath of a divorce suit between the parties that had been concluded in 1993, appellee filed a Notice of Deposition for Perpetuation of Evidence, under Rule 2–404, in the Circuit Court for Cecil County in anticipation of bringing a collateral cause of action against appellant. The proposed deposition was to be of the custodian of records of Dean Witter Reynolds, Inc., a stock brokerage firm that had reputedly handled appellant's account during the period 1987–1992. Appellant moved for a protective order and to dismiss the Notice of Deposition. The court denied both of those motions, as well as a motion for reconsideration, prompting this timely appeal.

## ISSUES

Appellant presents two issues for our review, which we have rephrased as follows:

I. Did the circuit court err by failing to dismiss appellee's Notice of Deposition for Perpetuation of Evidence for lack of personal jurisdiction over appellant?

II. Did the circuit court err by failing to grant appellant a protective order where appellee was in a position to commence a cause of action and where the documents sought were not in danger of being destroyed?

## FACTS

On 9 November 1990, Stanley Michael Allen, appellee here, filed a complaint for divorce against Jean Allen, appellant here, in the Circuit Court for Cecil County. Appellee took appellant's deposition on 3 November 1992 in that action. During the deposition, appellant was questioned about a retirement income account that she maintained with Dean Witter Reynolds, Inc. ("Dean Witter"). Appellee maintains that Ms. Allen testified in her deposition that her account initially had a value of approximately $149,000. Part of her portfolio in the account was comprised of Koger Properties ("Koger") stock. Mr. Allen contends that his former wife claimed to have acquired, at various times, a total of 2,500 shares of Koger stock at between twenty-five and twenty-seven dollars per share. According to appellee, Ms. Allen testified that the net worth of her account had decreased to $42,145 at the time of her deposition, a loss she largely attributed to the steady decline in the value of Koger stock, which had fallen to twenty-five cents per share.

The parties agreed to settle their dispute concerning marital property during the course of trial. Their settlement agreement was later incorporated into an 11 May 1993 judgment of absolute divorce. For the purposes of settlement, the Dean Witter retirement account stock was assigned the value attributed to it by appellant in her deposition. The divorce decree provided that the retirement account would remain the exclusive property of Ms. Allen.

Following the entry of the divorce judgment, Mr. Allen discovered two statements from his former wife's Dean Witter retirement account. Appellee thereafter reviewed stock summaries from the *Wall Street Journal,* which indicated that the value of Koger stock had fallen below twenty dollars per share

by the end of August 1990, and had continued to decline steadily thereafter. Because the 31 August 1990 account statement in his possession indicated that Ms. Allen held only 500 shares of Koger stock at that time, appellee concluded that the additional 2,000 shares purchased by his former wife must have been acquired after that date. After comparing the information contained in appellant's account statements with the figures from the Wall Street Journal, Mr. Allen concluded that, because of the stock's decline in value, appellant could not have purchased 2,000 additional shares subsequent to August 1990 at the claimed price of twenty-five to twenty-seven dollars per share.

Armed with this conclusion, appellee filed a Notice of Deposition for Perpetuation of Evidence and a Request for Subpoena Duces Tecum on 8 June 1994 in the Circuit Court for Cecil County. In accordance with the filing requirements of Maryland Rule 2–404, entitled "Perpetuation of Evidence", Mr. Allen's notice stated as follows:

Pursuant to Rule 2–404(a)(2), the said Jean Miles Allen is hereby notified that the subject matter of the expected action involves stock accounts which the said Jean Miles Allen held with Dean Witter Reynolds, Inc., stockbrokerage firm, for the period 1987 to November 1992. The facts that the said Stanley Michael Allen desires to establish are that the said Jean Miles Allen did give false testimony in a deposition taken on November 3, 1992 in connection with divorce proceedings between the parties in Case Number 90680E in the Circuit Court for Cecil County. The reasons for which the said Stanley Michael Allen wishes to perpetuate such evidence is to allow him to make determination [sic] as to whether the averments herein are in fact true, and if so, whether such averments will give rise to a cause of action in his favor against the said Jean Miles Allen, or against any other parties. Pursuant to Rule 2–404, the said Jean Miles Allen is hereby notified of her right to be present during the taking of the deposition proposed herein, and is further hereby given notice that the information

sought and obtained through this deposition may be used in a later action involving her.

Ms. Allen was served with the Notice of Deposition for Perpetuation of Evidence on 30 June 1994. In addition, Mr. Allen served a subpoena duces tecum on Dean Witter's resident agent in Baltimore, requesting that an officer, employee, or agent of the brokerage firm bring to the deposition all records relating to accounts maintained by Ms. Allen between 1987 and November 1992.

On 16 August, appellant filed motions to dismiss the notice of deposition for perpetuation of evidence and for a protective order. Ms. Allen asserted two grounds for dismissal of the notice of deposition. First, she maintained that venue was improper because she was a Delaware resident who did not live, work, or conduct business in Cecil County. Second, appellant claimed that the Circuit Court for Cecil County lacked jurisdiction over her person because she was neither domiciled, served with process in, nor maintained a principal place of business in Maryland.

In the memorandum in support of her motion for a protective order, Ms. Allen argued that a party seeking to perpetuate evidence pursuant to Md.Rule 2–404 must demonstrate that 1) he or she is not currently in a position to commence a cause of action; and 2) the taking of the deposition is necessary because of the danger that the evidence may be lost or destroyed by delay. Ms. Allen contended that appellee had failed to satisfy these requirements because Mr. Allen neither averred in his notice of deposition that the brokerage statements would somehow become unavailable, nor maintained that he was incapable of immediately bringing suit. Moreover, appellant asserted that since all of the issues concerning the parties' marital assets had been litigated in the divorce proceeding, no action relating to her stock accounts could be brought.

A hearing was held on both of appellant's motions on 28 October 1994. Because the information sought by appellee related only to financial records held by Dean Witter and did

not directly involve deposing Ms. Allen, the court concluded that it would not prevent Mr. Allen from deposing a representative of the brokerage firm in Maryland. The judge therefore denied appellant's motion to dismiss, as well as her motion for a protective order. After the court also denied her motion for reconsideration, appellant filed a timely appeal to this Court. We issued an order staying the decision of the circuit court pending our decision in this matter.

## DISCUSSION

### I.

Appellant's first assignment of error concerns the failure of the circuit court to grant her motion to dismiss appellee's Notice of Deposition for Perpetuation of Evidence for lack of personal jurisdiction over appellant. Ms. Allen asserts that, because Rule 2–404(a)(2) requires a notice of deposition to include a statement that the information sought may be used in a later action, the court must be able to exercise personal jurisdiction over the party receiving notice of the deposition to the same extent as if an action had been filed. Appellee, on the other hand, contends that personal jurisdiction is not an issue in cases, such as the one *sub judice,* where no suit has yet been filed and appellant was provided with notice of the deposition as required by Rule 2–404.

Maryland Code Ann., Cts. & Jud.Proc. §§ 6–102 and 6–103 delineate the general limitations on a court's jurisdiction over a person. Section 6–102(a) provides that "[a] court may exercise personal jurisdiction *as to any cause of action* over a person domiciled in, served with process in, organized under the laws of, or who maintains his principal place of business in the State," while, correspondingly, § 6–103(a) of the Maryland Long Arm Statute states that "[i]f jurisdiction over a person is based solely upon this section, he may be sued only on *a cause of action* arising from any act enumerated in this section." (Emphasis supplied). Our reading of these statutory provisions makes clear that the maintenance of personal jurisdiction relates specifically to the capacity of one party to main-

tain a suit against another. Thus, jurisdiction must be acquired over a person in order for a court to impose a personal liability or obligation upon a defendant in favor of a plaintiff. *See, e.g., Altman v. Altman,* 282 Md. 483, 486, 386 A.2d 766 (1978). Under the familiar due process analysis articulated in a number of Maryland and Supreme Court decisions, a defendant must have sufficient minimum contacts with the forum state so that the maintenance of a suit does not offend "traditional notions of fair play and substantial justice." *See International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *see also Camelback Ski Corp. v. Behning,* 307 Md. 270, 513 A.2d 874 (1986), *vacated and remanded on other grounds,* 480 U.S. 901, 107 S.Ct. 1341, 94 L.Ed.2d 512 (1987), *opinion on remand,* 312 Md. 330, 539 A.2d 1107, *cert. denied,* 488 U.S. 849, 109 S.Ct. 130, 102 L.Ed.2d 103 (1988).

Although the critical question regarding personal jurisdiction is whether "a defendant's connection with the forum state [is] such that he should reasonably anticipate *being haled into court there," Bahn v. Chicago Motor Club,* 98 Md.App. 559, 571, 634 A.2d 63 (1993) (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)) (emphasis supplied), this does not mean that the same test must be met in order to serve a party with a notice of a deposition to perpetuate evidence pursuant to Rule 2–404. The constitutional standards that govern a court's exercise of personal jurisdiction over a nonresident ordinarily must be met only in order to compel a person to submit to the authority of a court, such as by subjecting that person to a judgment *in personam. See Sleph v. Radtke,* 76 Md.App. 418, 427, 545 A.2d 111, *cert. denied,* 314 Md. 193, 550 A.2d 381 (1988); *see also Jason Pharmaceuticals v. Jianas Bros.,* 94 Md.App. 425, 434, 617 A.2d 1125 (1993). In the case *sub judice,* appellee notified appellant, in accordance with the requirements of Rule 2–404(a), of his intent to depose a representative of Dean Witter with authority over appellant's stock accounts. There is no dispute that the court could exercise personal jurisdiction over the Dean Witter

representative. Personal jurisdiction over Ms. Allen was not required where her stockbroker, not she herself, was the deponent from whom testimony and documentary evidence was sought. Moreover, no suit had been filed, and she was exposed neither to the subpoena power of the court nor to the imposition of a judgment against her. Accordingly, the circuit court did not err in declining to dismiss appellee's notice of deposition for lack of personal jurisdiction over appellant.

## II.

Appellant also complains that the circuit court should have granted her motion for a protective order because appellee failed to demonstrate that he was not then in a position to commence an action and, furthermore, because there was no indication that the stock account records sought would become unavailable in the future. In an issue of first impression, we must determine what threshold showing, if any, is required of a party seeking to perpetuate evidence under Maryland Rule 2–404. Rule 2–404(a) provides, in pertinent part, as follows:

(1) *Right to Take.*—A person who may have an interest in an action that the person expects to be brought may perpetuate testimony or other evidence relevant to any claim or defense that may be asserted in the expected action in accordance with these rules. In applying these rules, a person who files or is served with a notice, request, or motion shall be deemed a "party" and references to the "court in which the action is pending" shall be deemed to refer to the court in which the notice, request, or motion is filed.

(2) Notice, Request, Motion.—The notice of deposition required by Rule 2–412, the request for production of documents required by Rule 2–422, and the motion for mental or physical examination required by Rule 2–423 shall include a description of the subject matter of the expected action, a description of the person's interest in the expected action, the facts that the person desires to establish through the evidence to be perpetuated, the person's reasons for desiring to perpetuate the evidence, and, in the case of a deposi-

tion, the substance of the testimony that the person expects to elicit and a statement that any person served has the right to be present.  The notice, request or motion shall include a statement that the information sought may be used in a later action.

■ The rule facially does not require a party to make any particular showing of need in order to perpetuate testimony or other evidence in anticipation of an action.  Although 2–404(a)(2) indicates that a notice of deposition must contain certain specified information, only a general statement of the person's reasons for desiring to perpetuate the evidence is mandated by the text of the rule itself.  In determining whether any specific averment must be made to permit a person to perpetuate evidence under the auspices of Rule 2–404, we observe that this rule was derived in part from Rule 27, Fed.R.Civ.P.  Where Maryland rules of civil procedure are patterned after the federal rules, we will look to federal decisions interpreting the corresponding federal rules for guidance in construing the similar Maryland rule.  *See Androutsos v. Fairfax Hospital,* 323 Md. 634, 639, 594 A.2d 574 (1991); *see also Bartell v. Bartell,* 278 Md. 12, 18, 357 A.2d 343 (1976); *Snowhite v. State ex rel. Tennant,* 243 Md. 291, 308–09, 221 A.2d 342 (1966).

Prior to the adoption of Fed.R.Civ.P. 27, the U.S. Supreme Court held that, in order to sustain a bill in equity to perpetuate testimony, it must appear that the facts expected to be proved would be material and competent evidence in the matter in controversy, and that it was necessary to take the testimony because of the danger that it may be lost by delay.  *Arizona v. California,* 292 U.S. 341, 54 S.Ct. 735, 78 L.Ed. 1298 (1934).  The Advisory Committee, in drafting Rule 27, cited the Supreme Court's decision in *Arizona* with approval.  *See* 6 Jeremy C. Moore et al., *Moore's Federal Practice* § 2072 (2d ed. 1985).  The relevant portion of the federal rule from which the Maryland version was derived states:

*Petition.*  A person who desires to perpetuate testimony regarding any matter that may be cognizable in any court of

> the United States may file a verified petition in the United States district court in the district of the residence of any expected. adverse party. The petition shall be entitled in the name of the petitioner and shall show: 1, that the petitioner expects to be a party to an action cognizable in a court of the United States *but is presently unable to bring it or cause it to be brought,* ... and 5, the names and addresses of the persons to be examined and the substance of the testimony which the petitioner expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, *for the purpose of perpetuating their testimony.*

Fed.R.Civ.P. 27(a)(1) (emphasis supplied).[1] The text of the rule indicates to some degree what limitations were intended to apply to a petition to perpetuate evidence. It requires both that the petitioner be presently unable to commence an action and that the purpose of filing such a petition be to perpetuate certain testimony. Supplementing the text of the rule itself, the federal decisions that have interpreted Rule 27 further clarify the circumstances under which this type of relief is available.

In *Ash v. Cort,* 512 F.2d 909 (3rd Cir.1975), a shareholder in Bethlehem Steel Corporation sought derivative damages in favor of the corporation against its directors as a result of certain allegedly illegal campaign contributions. The appellant in *Ash* filed a petition under Rule 27 seeking to depose several officers and directors of Bethlehem Steel, but the trial court denied his request. In support of his claim that the court had erred in denying his petition, Ash asserted that a substantial risk was present that the testimonial evidence sought would become unavailable if discovery were postponed. Reasoning that it was "probable" that the senior officers and

---

1. Rule 2–404 has taken a more expansive approach than its federal counterpart insofar as it provides for the perpetuation of documentary evidence and mental and physical examinations in addition to testimonial evidence.

directors having first hand knowledge of the information sought were all over fifty years of age, he argued that their memories might fade if the evidence were not preserved at that time. *Id.* at 913. The Third Circuit agreed that age may be a relevant factor in demonstrating that testimony must be perpetuated to avoid its loss. The court concluded, however, that bald assertions that evidence would likely be lost, without a showing as to why it was necessary to perpetuate particular testimony, would not suffice to establish that the testimony sought would, in fact, become unavailable. The district court therefore was held not to have abused its discretion in denying the appellant's Rule 27 petition.[2]

Similarly, the targets of a Securities and Exchange Commission investigation desired to preserve evidence of their alleged improprieties in *In re Application of David J. Checkosky*, 142 F.R.D. 4 (D.D.C.1992). Apparently believing that the SEC would delay or fail to comply with a discovery motion, the targets of the investigation filed a petition pursuant to Rule 27 seeking to perpetuate testimony and documentary evidence. There was no allegation or indication that the SEC would not retain the documents sought by the petitioners. The court first observed that the purpose of perpetuating testimony is simply to preserve evidence that otherwise would be in danger of being lost. It therefore reasoned, in determining that Rule 27 did not authorize the relief requested, that "perpetuation" refers exclusively to the preservation of known testimony. Upon denying the petition, the court concluded that the rule could not be used, in the manner attempted by the petitioner, as a substitute for discovery to ascertain whether a cause of action existed.

The prospective medical malpractice plaintiffs in *In re Vincente Rosario*, 109 F.R.D. 368 (D.Mass.1986) sought to depose certain hospital officials and employees before filing an action.

---

2. Although *Ash* concerned a petition to perpetuate testimony under Rule 27(b) pending an appeal (which corresponds to Maryland Rule 2–404(b)), the Court found no reason to treat it differently from Rule 27(a) relief sought prior to trial.

As grounds for their Rule 27 petition to perpetuate testimony, the petitioners claimed that a rapid turnover of personnel at the hospital necessitated securing the evidence requested prior to initiating suit. In denying the petition, the district court reasoned that a bill to perpetuate testimony must show, *inter alia*, that the immediate taking of testimony "is made necessary by the danger that it may be lost by delay." *Id.* at 370 (quoting *Arizona v. California, supra,* 292 U.S. at 347, 54 S.Ct. at 738). Because the petitioners had failed to provide sufficient facts to indicate that the evidence sought would become unavailable, the court refused the request to depose the witnesses.

Other cases interpreting Rule 27 comport with the view expressed in the above decisions. *See, e.g., In re Petition of Gary Construction, Inc.* 96 F.R.D. 432 (D.Colo.1983) (petition to perpetuate evidence denied where invocation of Rule 27 was simply an attempt to conduct discovery before filing suit, as rule was not intended as a means of ascertaining facts prior to institution of action); *Folsom v. Western Electric Co.,* 85 F.R.D. 651 (D.Okla.1980) (failing to allege that evidence in question was in danger of being moved, destroyed, or altered, in addition to a lack of explanation as to the need to inspect evidence prior to filing suit, rendered Rule 27 petition unsupportable); *Petition of Exstein,* 3 F.R.D. 242 (S.D.N.Y.1942) (petitioner's desire to depose all possible defendants in order to determine who to join and where to commence breach of contract action held insufficient to maintain petition to perpetuate testimony, because Rule 27 was not intended to permit discovery in order to frame a complaint); *Petition of Ferkauf,* 3 F.R.D. 89 (S.D.N.Y.1943) (petitioner not entitled to invoke the provisions of Rule 27 where stated reason for petition was to gain information to frame a complaint; purpose of bill to perpetuate testimony was solely to preserve evidence and was not intended to enable a prospective litigant to formulate a cause of action).

■ The federal cases uniformly condition the capacity to maintain a petition to perpetuate testimony under Rule 27 on

the threshold showing that the evidence sought be in danger of becoming lost by delay. Our examination of the text of Rule 2–404, in conjunction with the minutes of the Court of Appeals Standing Committee on Rules of Practice and Procedure surrounding its promulgation, reveals no intent to abandon such a requirement in Maryland. It appears to us that the very function of a rule permitting perpetuation of evidence is to preserve evidence that would otherwise be in danger of later becoming unavailable. *See, e.g., In re Application of Checkosky, supra,* 142 F.R.D. at 6. Accordingly, a person seeking to perpetuate testimony or other evidence pursuant to Rule 2–404 must set forth sufficient facts to demonstrate that the immediate taking of testimony is made necessary because there exists some actual risk that the evidence sought might be lost by delay.[3]

In addition to the manifestation of a need to preserve testimony that may become unavailable, a second requirement for the taking of depositions to perpetuate evidence under Rule 27(a)(1) is "that the petitioner expects to be a party to an action ... but is presently unable to bring it or cause it to be brought." This language has prompted federal courts considering Rule 27 petitions to require, as a prerequisite to perpetuating testimony outside of the ordinary discovery vehicles, that a person demonstrate why a suit cannot be immediately instituted. *See, e.g., Holt v. Granite City Steel,* 22 F.R.D. 65 (E.D.Ill.1957); *Petition of Johanson Glove Co.,* 7 F.R.D. 156 (E.D.N.Y.1945). Provisions of the federal rule, however, Rule 2–404 make no reference to such a requirement.

---

**3.** Fed.R.Civ.P. 27(a)(3) provides that the court shall order a requested deposition taken if it is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice. There is no comparable counterpart in Maryland Rule 2–404 requiring a court to issue an order upon finding that the interests of justice permit a person to secure the requested evidence. The mandates of Rule 27(a)(3), however, serve merely to bolster the notion, independently supported by the text of the rule and the case law, that a person seeking to perpetuate evidence must demonstrate that it might otherwise be lost. Thus, the danger of loss of testimony is a limitation on the rule that applies without regard to whether a court must also make a threshold finding before issuing an order permitting a deposition to be taken.

█ A review of the deliberations of the Court of Appeals Rules Committee prior to the adoption of Rule 2–404 confirms the notion that an explanation of the present inability to bring an action is not necessary to perpetuate evidence in Maryland. The minutes of the Committee's meeting held on 20 and 21 June 1980 reveal that the Committee, by voice vote, deleted the words "but is presently unable to bring it or cause it to be brought" from the then proposed Maryland adaptation of Fed.R.Civ.P. 27. The decision to move away from that aspect of the federal version of the rule was apparently a response to an inquiry of Judge David Ross, then a Committee member, as to why it was necessary for a person invoking the rule to anticipate being a litigant. The example given by Judge Ross was "anticipated litigation regarding a person's mental capacity in which that person may wish to preserve his own testimony even though he does not himself anticipate himself being a party." It is clear that the present inability to commence an action was not intended to be a requirement for the use of Rule 2–404.

█ We turn now to the case *sub judice* to apply our conclusions. In accordance with the federal cases reviewing petitions to perpetuate evidence, the grant or denial of a notice pursuant to Rule 2–404 is within the discretion of the trial court. *See, e.g., Ash v. Cort, supra,* 512 F.2d at 912, n. 13. We must therefore consider whether the trial court abused its discretion in denying appellant's motion for a protective order. *Id.* at 912; *see also Texaco v. Borda,* 383 F.2d 607 (3rd Cir.1967); *Nevada v. O'Leary,* 151 F.R.D. 655 (D.Nev.1993); *see also Kelch v. Mass Transit Admin.,* 287 Md. 223, 229, 411 A.2d 449 (1980) (sound discretion vested in trial judge in administering discovery rules will not be disturbed absent a showing of abuse); *Baltimore Transit Co. v. Mezzanotti,* 227 Md. 8, 13–14, 174 A.2d 768 (1961) (same).

█ In his notice of deposition for perpetuation of evidence, appellee indicated that he desired to establish that appellant gave false testimony in her deposition during the divorce proceedings. His stated reason for desiring to perpetuate the

evidence allegedly contained in her stock account records was "to allow him to make [a] determination as to whether the averments [t]herein are in fact true, and if so, whether such averments will give rise to a cause of action in his favor against the said Jean Miles Allen, or against any other parties." From these declarations, it is apparent that Mr. Allen's intent in seeking to depose a Dean Witter representative was not to "perpetuate" evidence within the intended scope of Rule 2–404 as we have discussed, *supra.* Appellee's sole interest, rather, was to ascertain whether sufficient facts existed to permit him to formulate a complaint. Mr. Allen does not assert facts from which one could infer that the stock account records he seeks to examine will become unavailable prior to the filing of his prospective action. Without a supportable allegation that the evidence sought was in danger of being lost or destroyed, there was no valid basis for a petition to perpetuate the account records. Appellant's protective order therefore should have been granted.

■ Rule 2–404(a)(1) expressly states that "[a] person who may have an interest in an action ... may perpetuate testimony or other evidence ..." As discussed earlier, we are of the view that "perpetuate" under Rule 2–404 means exactly what it says—to ensure that evidence that may be germane to litigation will last indefinitely. The decisions we have reviewed, as well as the nature of Rule 2–404 itself, clarify that the purpose of perpetuating testimony is to permit a party to preserve potentially evanescent evidence so that a case may be decided on the best evidence available. The rule was not intended to serve as a discovery device to provide prospective plaintiffs with an opportunity to secure information in order to frame a complaint. *See* Court of Appeals Standing Committee on Rules of Practice and Procedure Minutes of 20 and 21 June 1980; *see also* Paul V. Neimeyer & Linda M. Schuett, *Maryland Rules Commentary* 266–67 (2d Ed.1992).

■ Invocation of Rule 2–404 is therefore reserved for that category of situations in which it is necessary to prevent testimony from being lost or destroyed before a party is able

to pursue discovery in the ordinary course of an action. *See Ash, supra,* 512 F.2d at 911; *see also Maryland Rules Commentary, supra,* at 267. Accordingly, a person proceeding under this rule prior to commencing suit must make a particularized showing that the testimony or evidence sought may become unavailable if it is not secured in advance of the contemplated litigation. In the case *sub judice,* it is clear from Mr. Allen's Notice of Deposition that his objective was to establish a foundation to formulate a complaint. As he failed otherwise to demonstrate why it was necessary for him to secure information regarding appellant's stock account records prior to initiating a lawsuit, the trial court abused its discretion in declining to grant a protective order.

JUDGMENT REVERSED. COSTS TO BE PAID BY APPELLEE.