75 A.3d 1030

**Tonia Bravo LLANTEN**

v.

**CEDAR RIDGE COUNSELING CENTERS, LLC.**

No. 1006, Sept. Term, 2012.

Court of Special Appeals of Maryland.

Sept. 9, 2013.

Gregory A. Dorsey (Darren H. Weiss, Kelly, Dorsey PC, on the brief), Columbia, MD, for Appellant.

Richard Bloch (Shiling Bloch & Hirsch, PA, on the brief), Towson, MD, for Appellee.

Panel: KEHOE, NAZARIAN and JAMES A. KENNEY, III (Retired, Specially Assigned), JJ.

KEHOE, J.

Tonia Bravo Llanten appeals from a judgment by the Circuit Court for Carroll County dismissing her complaint against Cedar Ridge Counseling Centers, LLC. Llanten presents three issues, which we have reworded and consolidated: [1]

---

1. Llanten presents the following issues in her brief to this Court:

1) Did the circuit court err by dismissing Llanten's complaint on the ground that the claims asserted therein were barred by the statute of limitations?

2) Did the circuit court err by denying Llanten's motion to revise the judgment without holding a requested hearing?

Answering both questions in the negative, we affirm.

### BACKGROUND

We read Llanten's complaint "assuming all well-pleaded facts and reasonable inferences drawn therefrom in a light most favorable to the pleader." *Reichs Ford Rd. Joint Venture v. State Roads Comm'n*, 388 Md. 500, 509, 880 A.2d 307 (2005). From the complaint, Cedar Ridge's motion to dismiss, and Llanten's response to that motion, the following picture emerges.[2]

Cedar Ridge is an association of mental health professionals that provides outpatient mental health services to children and adults. Llanten is a licensed psychotherapist and certified hypnotherapist. In January, 2006, she became affiliated with Cedar Ridge through a "contractor agreement" by which she

---

1) Whether the Circuit Court for Carroll County erred in concluding that the instant action commenced upon the filing of Appellant's January 17, 2012[ ] Complaint rather than upon the Filing of Appellant's Rule 2–404 Notice[?]

2) Whether the Circuit Court for Carroll County erred in granting Appellee's Motion to Dismiss based on the applicable statutes of limitation where Appellant filed a Notice of Deposition for the Perpetuation of Evidence pursuant to Md. Rule 2–404 (served in accordance with Md. Rule 2–121) a mere seven (7) months after her cause of action arose, the parties had continuously engaged in discussions and settlement negotiations from the date of the Rule 2–404 Notice until the filing of Appellant's Complaint, and Appellant formally demanded arbitration in accordance with the apposite contracts but Appellee refused and failed to respond[?]

3) Whether the Circuit Court for Carroll County erred by ruling on Appellant's Motion for Reconsideration and Request for Hearing, filed pursuant to Maryland Rule 2–535, without holding any such hearing despite a specific request, in accordance with Maryland Rule 2–311(f), for the same and in compliance with said Rule[?]

2. Cedar Ridge did not file an answer. We gather from its brief that it contests many of the allegations made by Llanten.

agreed to pay Cedar Ridge an hourly fee in return for the use of Cedar Ridge's facilities to treat patients. Many, or most, of Llanten's patients had health insurance policies that paid for Llanten's services. As part of its agreement with Llanten, Cedar Ridge undertook to process her patients' claims with their respective health insurers and to remit payments by the insurers to her. In January, 2008, Llanten's relationship with Cedar Ridge changed to that of an "associate." Under the terms of this agreement, Llanten undertook to pay a fixed monthly fee to Cedar Ridge for the use of its facilities and its administrative services.

At the same time, *viz.*, January, 2008, Llanten became concerned that Cedar Ridge had failed to disburse all monies that were due her from insurance companies for her services. She notified Cedar Ridge that she wished to terminate their relationship. The termination became effective in May of that year.

On August 1, 2008, Llanten filed in the circuit court a notice of deposition for the perpetuation of evidence pursuant to Maryland Rule 2–404 (the "Rule 2–404 Notice").[3] Therein,

---

3. In relevant part, Maryland Rule 2–404 provides:

**Rule 2–404. Perpetuation of Evidence.**
(a) Before Action Instituted. (1) Right to Take. A person who may have an interest in an action that the person expects to be brought may perpetuate testimony or other evidence relevant to any claim or defense that may be asserted in the expected action in accordance with these rules. In applying these rules, a person who files or is served with a notice, request, or motion shall be deemed a "party" and references to the "court in which the action is pending" shall be deemed to refer to the court in which the notice, request, or motion is filed.
(2) Notice, Request, Motion. The notice of deposition required by Rule 2–412, the request for production of documents required by Rule 2–422, and the motion for mental or physical examination required by Rule 2–423 shall include a description of the subject matter of the expected action, a description of the person's interest in the expected action, the facts that the person desired to establish through the evidence to be perpetuated, the person's reasons for desiring to perpetuate the evidence, and, in the case of a deposition, the substance of the testimony that the person expects to elicit and a statement that any person served has a right to be present. The

Llanten stated that she sought to preserve a variety of documents in the possession of Cedar Ridge that pertained to her claim that it had wrongfully withheld monies due her. The Rule 2–404 Notice further stated that:

> The subject matter of the expected action includes, but is not limited to, claims for specific performance, breach of contract, breach of fiduciary duties, conversion, violations of Maryland Wage Payment and Collection Law, and other legal and equitable remedies, arising out of or related to [Llanten]'s employment relationship with [Cedar Ridge].... [1]

---

notice, request or motion shall include a statement that the information sought may be used in a later action.

**4.** Specifically, Llanten's 2–404 Notice stated:
 1. *Description Of The Subject Matter Of The Expected Litigation*
 The subject matter of the expected action includes, but is not limited to, claims for specific performance, breach of contract, breach of fiduciary duties, conversion, violations of Maryland Wage Payment and Collection Law, and other legal and equitable remedies, arising out of or related to the Plaintiff's employment relationship with Defendant....
 2. *Description Of The Plaintiff's Interest In The Expected Litigation*
 The Plaintiff is a Licensed Psychotherapist and Certified Hypnotherapist. Without conceding the legality of the terms and conditions contained therein, Plaintiff entered into a contractual employment relationship with Defendant in 2006. Her contractual employment relationship with Defendant ended in May, 2008. During the course of her contractual employment, Plaintiff provided professional counseling services to individuals at various facilities operated by Defendant. Plaintiff's patients generally paid for her services through a combination of a co-payment, due and payable at the time services were rendered, and payment by an insurer, ... or other third-party payor through submission of a claim by Defendant to [such an entity], as the case may be. Defendant was contractually obligated to submit the claims for payment, collect the claims when paid, and disburse the receivables to Plaintiff as compensation for services rendered to patients.
 Upon information and belief, Defendant received payment[s] [and] failed to disburse or otherwise account to Plaintiff for the insurance money received as her compensation.
 3. *Facts The Plaintiff Desires to Establish Through The Records Deposition.*
 Upon information and belief, the Plaintiff desires to establish through the records deposition, among other things[, that]: (i) Defendant received records from Plaintiff of patients she treated ...

The circuit court issued a subpoena the same day, August 1, 2008. Following the issuance of the subpoena, counsel for Llanten and Cedar Ridge engaged in settlement negotiations but to no avail.

On January 17, 2012, Llanten filed a complaint against Cedar Ridge, asserting claims for: (1) breach of contract; (2) unjust enrichment; (3) conversion; and (4) violation of the Maryland Wage Payment and Collection Act. Llanten sought $50,000 per claim, attorney's fees, and interest.

Cedar Ridge filed a motion to dismiss the complaint, contending that it was barred by limitations. It asserted that Llanten's claims accrued no later than January, 2008, which was four years prior to the date the complaint was filed. In response, Llanten argued that the filing of her Rule 2–404 Notice tolled the statute of limitations.

The circuit court held a hearing on the motion. On June 25, 2012, the court granted Cedar Ridge's motion to dismiss in a thorough and well-reasoned memorandum opinion. Concluding its analysis of some of the issues raised in this appeal, the court stated:

> Rule 2–404 has a very limited role in the litigation process that is not focused on the actual bringing of a civil action, but rather the preservation of evidence should an action potentially be brought. There is nothing to support the conclusion that the legislature intended for Rule 2–404 to serve as the commencement of an action, given that the statute is focused on a period of time prior to the bringing of a civil action.

---

throughout her contractual employment relationship with Defendant; (ii) Defendant submitted claims and/or requests for payment to insurers [and other third-party payors] for counseling services Plaintiff rendered to patients ...; (iii) Defendant received payment for the claims and/or requests for payment submitted....; (iv) Defendant failed to disburse or otherwise account to Plaintiff for the receivables related to patients she treated as her compensation; and (v) Plaintiff was not in arrears or otherwise liable to Defendant for rent or any other money that may have been due under the terms of her employment contract....

The narrowness with which the Court of Appeals construes the statute of limitations makes the limited legislative intent of Maryland Rule 2–404 even more apparent. Again, regarding the construction of the tolling of the statute of limitations, "absent legislative creation of an exception to the statute of limitations, we will not allow any 'implied and equitable exception to be engrafted upon it.'" *Hecht* [*v. Resolution Trust*, 333 Md. 324, 333, 635 A.2d 394 (1994)] (quoting *Booth Glass Co. v. Huntingfield Corp.*, 304 Md. 615, 623, 500 A.2d 641 (1985)).

We agree with the circuit court and, in affirming its decision, will expand somewhat on its analysis.

## DISCUSSION

## I. The Statute of Limitations

We review the circuit court's application of law to the undisputed facts in this case *de novo*. *Reichs Ford Road Joint Venture v. State Roads Comm'n of the State Highway Admin.*, 388 Md. 500, 509, 880 A.2d 307 (2005).

Llanten's complaint sets out four causes of action: breach of contract, violation of the Wage Payment and Collection Act, unjust enrichment, and conversion. Her contract and conversion claims are governed by Md.Code (1974, 2006 Repl. Vol.) § 5–101 of the Courts and Judicial Proceedings Article ("CJP"), which provides that "[a] civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced." The parties do not dispute that Llanten's contract and conversion claims accrued no later than January, 2008. Her unjust enrichment claim is an equitable one but, because this cause of action is analogous to the legal remedies of breach of contract and conversion, the claim is barred if not brought within the applicable limitations period. *Stevens v. Bennett*, 234 Md. 348, 351, 199 A.2d 221 (1964); *Grandberg v. Bernard*, 184 Md. 608, 610–11, 42 A.2d 118 (1945). Her Wage Payment and Collection Act claim accrued two weeks after Cedar Ridge was

required to pay her the wages in question. Md.Code (1991, 2008 Repl. Vol.) § 3–507.2 of the Labor and Employment Article ("LE"). Llanten's complaint is silent as to when her last wages were due but, if her relationship with Cedar Ridge terminated in May, 2008, her claim would have accrued no later than the middle of the following month. Llanten filed her complaint in January, 2012, outside of the limitations period.

Llanten presents two contentions as to why we should conclude that limitations does not bar her claims. First, she contends that by filing the Rule 2–404 Notice, she filed an "action" for the purposes of CJP § 5–101. Second, Llanten asks us to hold that the filing of her Rule 2–404 Notice had the effect of tolling the statute. We discuss these arguments in turn.

A.

Llanten contends that her Rule 2–404 Notice, filed in August, 2008, constituted the filing of her action against Cedar Ridge for the purposes of CJP § 5–101. Specifically, Llanten argues that her Rule 2–404 Notice accomplished the same goals as a complaint:

[T]he conclusion that filing a Notice in accordance with Rule 2–404 commences an action is consistent with Rule 1–202(a). An "action" is defined therein as "collectively all the steps by which a party seeks to enforce any right in a court." Plainly Appellant filed the Notice commencing this case as part of her efforts to "enforce [her] right[s] in a court." In accordance with Rule 2–404(a)(3), the Clerk indexed the notice and opened the case in the Circuit Court for Carroll County. Additionally, service of the Notice was affected "in the manner provided by Chapter 100 of this Title for service of summons." Md. Rule 2–404(a)(4). By following this procedure, Appellee was put on notice that Appellant had initiated an action and intended to file a complaint against it. *A fortiori*, Appellee actually began participating in the

action, as demonstrated by the copious correspondence between the parties.

Because CJP § 5–101 does not specify what constitutes a "civil action," the matter must be resolved by the courts. *See Hecht v. Resolution Trust,* 333 Md. 324, 333, 635 A.2d 394 (1994) ("Because the term "accrue" [in CJP § 5–101] is undefined by the legislature,[ ] the question of accrual is left to judicial determination." (Footnote omitted.)). In considering whether filing a request to perpetuate evidence pursuant to Rule 2–404 is a civil action for the purposes of CJP § 5–101, we bear in mind that:

Statutes of limitation reflect legislative judgment of what is an adequate time for a person of ordinary diligence to bring an action. One of their purposes is to ensure fairness to defendants by encouraging promptness in bringing claims, thus avoiding problems that may stem from delay, such as loss of evidence, fading of memory, and disappearance of witnesses. Statutes of limitation are statutes of repose, allowing individuals the ability to plan for the future without the indefinite threat of potential liability. They serve society by promoting judicial economy. But their purpose also is to serve plaintiffs, by providing adequate time for a diligent plaintiff to bring an action.

We have long maintained a rule of strict construction concerning the tolling of the statute of limitations. Absent legislative creation of an exception to the statute of limitations, we will not allow any implied and equitable exception to be engrafted upon it.

*Hecht,* 333 Md. at 332–33, 635 A.2d 394 (quotation marks and citations omitted).

Llanten is correct that, when she filed her Rule 2–404 Notice, she put Cedar Ridge on notice that she intended to file claims against it. Further, discovery of relevant documents in the possession of the opposing party is a step that is often necessary to enforce a litigant's rights. Ultimately, however, her argument that her Rule 2–404 Notice should be deemed a complaint is not persuasive because it is inconsistent with the language of Rule 2–404 as well as other Maryland Rules.

We begin with Rule 2–404 itself. Subsection (a)(1) states in pertinent part (emphasis added):

> A person who may have an interest *in an action that the person expects to be brought* may perpetuate testimony or other evidence relevant to any claim or defense that may be asserted in the expected action in accordance with these rules.

Subsection (a)(2) reads (emphasis added):

> (2) Notice, Request, Motion. The notice of deposition required by Rule 2–412, the request for production of documents required by Rule 2–422, and the motion for mental or physical examination required by Rule 2–423 shall include a description of *the subject matter of the expected action*, a description *of the person's interest in the expected action*, the facts that the person desired to establish through the evidence to be perpetuated, the person's reasons for desiring to perpetuate the evidence, and, in the case of a deposition, the substance of the testimony that the person expects to elicit and a statement that any person served has a right to be present. The notice, request or motion shall include a statement *that the information sought may be used in a later action.*

The repeated references to "expected" and "later" actions are inconsistent with Llanten's contention that filing a notice under Rule 2–404 constitutes filing an action.

Other pertinent rules undercut Llanten's position. Rule 2–101(a) states that, subject to an exception that is not pertinent to this case, "[a] civil action is commenced by filing a complaint with a court." A complaint is a "demand or request for judgment granting the relief the plaintiff is seeking." *Scheve v. Shudder,* 328 Md. 363, 373, 614 A.2d 582 (1992). Llanten's Rule 2–404 Notice does not seek a judgment against Cedar Ridge but rather the issuance of a subpoena duces tecum. A subpoena does not contain a "demand or request for judgment" but is instead "a written order or writ directed to a person and requiring attendance at a particular time and place to take the action specified therein." Rule 1–202(aa). More-

over, Rule 2–305 states that "[a] pleading that sets forth a claim for relief," such as a complaint, "shall contain a clear statement of the facts necessary to constitute a cause of action and a demand for judgment for the relief sought." The Rule 2–404 Notice meets neither of these requirements.

The only reported appellate opinion considering Rule 2–404 in any detail is *Allen v. Allen*, 105 Md.App. 359, 372–76, 659 A.2d 411 (1995). Our analysis in that case provides no support to Llanten. The primary issue before the Court in *Allen* was whether Rule 2–404 could be utilized as a discovery tool to permit a would-be plaintiff to assess whether he had a viable cause of action against his former spouse. *Id.* at 375, 659 A.2d 411. In the course of answering "no" to that question, we made two things clear. First, in contrast to its federal counterpart, FED.R.CIV.P. 27, Rule 2–404 is available to a person seeking to perpetuate testimony even if he or she has no intention of filing a civil action. *Id.* at 375, 659 A.2d 411.[5] We then stated (emphasis added):

> Invocation of Rule 2–404 is therefore reserved for that category of situations in which it is necessary to prevent testimony from being lost or destroyed before a party is able to pursue discovery in the ordinary course of an action. Accordingly, a person proceeding under this rule *prior to commencing suit* must make a particularized showing that the testimony or evidence sought may become unavailable if it is not secured *in advance of the contemplated litigation.*

105 Md.App. at 375–76, 659 A.2d 411.

While there was no need for us to address the point explicitly, our analysis in *Allen* is clearly consistent with the notion that a request to perpetuate evidence pursuant to Rule

---

**5.** Specifically, we cited a passage in the minutes of the Rules Committee discussing a suggestion by Judge David Ross, that such a limitation was inappropriate:

The example given by Judge Ross was "anticipated litigation regarding a person's mental capacity in which that person may wish to preserve his own testimony even though he does not himself anticipate himself being a party."

*Id.* at 374, 659 A.2d 411.

2–404 does not constitute "commencing suit" but is rather a limited and very specific form of relief to preserve evidence in advance of litigation. It is a mechanism that can be utilized by a person intending to file an action, by a person anticipating that an action will be filed against it, or by a person who has an interest that might be affected by future litigation between others. We conclude that Llanten did not commence her lawsuit against Cedar Ridge when she filed her Rule 2–404 Notice.

**B.**

■ Llanten's alternative argument is that filing the Rule 2–404 Notice tolled the running of the statute of limitations. In *Philip Morris USA, Inc. v. Christensen,* 394 Md. 227, 238, 905 A.2d 340 (2006), the Court of Appeals set out two necessary preconditions to the tolling of a statute of limitations:[6]

> [W]e will recognize a tolling exception to a statute of limitations if, and only if, the following two conditions are met: (1) there is persuasive authority or persuasive policy considerations supporting the recognition of the tolling exception and (2) recognizing the tolling exception is consistent with the generally recognized purposes for the enactment of statutes of limitations.

Llanten argues that the court erred by failing to recognize that her Rule 2–404 Notice tolled the statute of limitations because her notice satisfied both conditions.[7] We disagree.

As to the first, Llanten contends that persuasive policy considerations support the recognition of a tolling exception because a notice under Rule 2–404 encourages settlements:

> If parties take advantage of procedures solidifying and recording certain evidence and testimony almost immediate-

---

6. For a comprehensive discussion of tolling exceptions by this Court, *see Antar v. Mike Egan Ins. Agency, Inc.,* 209 Md.App. 336, 58 A.3d 609 (2012).

7. Llanten does not contend that there is a statutory exception which would toll the three-year statute of limitations established by CJP § 5–101.

ly after the date upon which a given claim accrues, the same may be a powerful incentive to settle.

This argument is unpersuasive. As we made clear in *Allen,* Rule 2–404(a)'s sole purpose is to permit the preservation of evidence where that evidence is in danger of loss or destruction prior to the actual filing of a civil action.[8] Any impact on negotiation or settlement is wholly coincidental. The logical extension of Llanten's argument is that any act in furtherance of negotiating a settlement would also toll the running of the statute. The law simply does not support such a conclusion.

■ Turning to the second condition, we conclude that treating a request to preserve evidence under Rule 2–404 as tolling the statute would be inconsistent with the generally recognized purposes of statutes of limitations. Statutes of limitations promote judicial economy and fairness by "encourag[ing] prompt resolution of claims, . . . suppress[ing] stale claims, and . . . avoid[ing] the problems associated with extended delays in bringing a cause of action, including missing witnesses, faded memories, and the loss of evidence." *Anderson v. United States,* 427 Md. 99, 118, 46 A.3d 426 (2012). Moreover, as the Court of Appeals observed in *Hecht,* "[s]tatutes of limitation are statutes of repose, allowing individuals the ability to plan for the future without the indefinite threat of potential liability." 333 Md. at 333, 635 A.2d 394. We decline to frustrate these important public policies by permitting the filing of a request to perpetuate evidence through Rule 2–404 to toll the running of a statute of limitations.

## II. The Court's Denial of the Motion to Revise Without A Hearing

■ After the circuit court granted Cedar Ridge's motion to dismiss, Llanten filed a motion to revise the judgment pursu-

---

8. Subsection (b) of the Rule addresses the preservation of evidence while an appeal is pending "for use in the event of further proceedings in the court. . . ."

ant to Maryland Rule 2–535. Attached to the motion was an amended complaint that asserted, for the first time, the parties' agreement included a mandatory arbitration clause. The amended complaint alleged that Llanten had demanded arbitration on May 28, 2010 but that Cedar Ridge refused to participate. She requested a hearing on the motion. The circuit court subsequently denied Llanten's motion without a hearing. Llanten contends that the court erred by denying her motion to revise the judgment pursuant to Maryland Rule 2–535(a) without holding the requested hearing because "Rule 2–311(f) explicitly mandates that a court hold a hearing if its ruling will be dispositive of a claim or defense. A ruling is deemed dispositive if it finally and fully resolves a matter."

■ This argument is misplaced. The circuit court resolved Llanten's claims when it granted Cedar Ridge's motion to dismiss. The denial of a motion to alter or amend or a motion to revise is not a dispositive motion and therefore, requires no hearing even if one was requested. *See Lowman v. Consol. Rail Corp.*, 68 Md.App. 64, 76, 509 A.2d 1239 (1986) ("Rule 2–311(f) does not require the court to grant a request for a hearing on a motion to reconsider...."); *see also McDermott v. BB & T Bankcard Corp.*, 185 Md.App. 156, 170 n. 9, 968 A.2d 1096 (2009) (same).

■ As to the merits, the circuit court did not abuse its discretion by denying the motion. Llanten's claims against Cedar Ridge accrued when she became aware of the facts that led her to conclude that Cedar Ridge owed her money. This took place, beyond cavil, no later than January, 2008 (as to her breach of contract, conversion and restitution claims) and June, 2008 (as to her Wage Payment and Collection Act claim). That Cedar Ridge subsequently breached a different provision of the contract by refusing to submit their dispute to arbitration does not reset the clock.

**THE JUDGMENT OF THE CIRCUIT COURT FOR CARROLL COUNTY IS AFFIRMED.**

**APPELLANT TO PAY COSTS.**