720 A.2d 583

**Ruth M. FERRELL**

v.

**Albert C. BENSON et al.**

**No. 118, Sept. Term, 1998.**

Court of Appeals of Maryland.

Nov. 19, 1998.

---

Ruth M. Ferrell, Bethesda, for petitioner.

John D. McGavin, Fairfax, VA, Michael C. Rosendorf (Law Offices of Timothy P. McGough), Baltimore, Eric Rhodes, Rockville, for respondent.

Submitted before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, RAKER, WILNER and CATHELL, JJ.

ELDRIDGE, Judge.

The petitioner, Ruth M. Ferrell, filed in the Circuit Court for Montgomery County a complaint against three veterinarians and an animal hospital, seeking compensatory damages of $150,000.00 plus punitive damages based upon the death of Ferrell's cat. The complaint contained numerous counts asserting, *inter alia,* negligence, "wilful [and] wanton conduct," fraud, misrepresentation, racial discrimination and sexual harassment. Ferrell alleged that the defendants' conduct resulted in the death of her cat and that the defendants were motivated by actual malice. The compensatory damages sought were for the value of the cat as well as for the plaintiff's alleged pain and suffering, "mental anguish," and "loss of the enjoyment of life."

Two of the defendants filed a "Motion To Dismiss And/Or Transfer," seeking either a dismissal of the action or a transfer of the case to the District Court of Maryland. The other two defendants filed a "Motion To Dismiss." The substance of both motions was the same, namely that the circuit court had no subject matter jurisdiction because the amount in controversy did not exceed $2,500.00, and that the District Court had exclusive original jurisdiction. *See* Maryland Code (1974, 1995 Repl.Vol., 1998 Supp.), § 4–402(d) of the Courts and Judicial Proceedings Article. The defendants' theory was that "the amount in controversy cannot exceed $2,500.00 as a matter of law" because of § 11–110(b) of the Courts and Judicial Proceedings Article which states:

"The measure of damages for tortious injuries to a pet is the market value of the pet before the injury or the reasonable cost of veterinary care, but not more than $2,500 if such charge is greater."

At the hearing on the motions, the plaintiff Ferrell argued that the above-quoted statute was not applicable to a large portion of the damages claimed and that the amount in controversy was more than $5,000.00, thus entitling Ferrell to a jury trial in the circuit court. *See* Article 23 of the Maryland Declaration of Rights. The circuit court, however, agreed with the defendants and granted the motion to dismiss and/or transfer. The court on October 3, 1997, filed an order transferring the case to the District Court of Maryland, sitting in Montgomery County, pursuant to Maryland Rule 2–327(a)(1).[1] The circuit court's order was entered on the docket the same day, October 3, 1997.

Three days later Ferrell filed a notice of appeal to the Court of Special Appeals. She argued that § 11–110(b) of the Courts and Judicial Proceedings Article is inapplicable to damages for intentional torts and is inapplicable to punitive damages, and that the amount in controversy exceeded $5,000.00 thereby entitling her to a circuit court jury trial. The defendants reiterated their argument that the amount in controversy could not exceed $2,500.00 and that, therefore, the circuit court had no jurisdiction. In addition, the defendants moved to dismiss the appeal on the ground that the circuit court's judgment was not final and thus not appealable under § 12–301 of the Courts and Judicial Proceedings Article. The defendants argued that the judgment was not final because it did not "settle the rights of the parties thereby concluding the cause of action" and because "the merits of her cause of action must be fully adjudicated" for there to be a final judgment. (Appellees' brief in the Court of Special Appeals at 9–10)

The Court of Special Appeals, in an unreported opinion, dismissed the appeal on the ground that the circuit court

---

1. Rule 2–327(a)(1) states as follows:

"(a) *Transfer to District Court.* (1) If circuit court lacks jurisdiction. If an action within the exclusive jurisdiction of the District Court is filed in the circuit court but the court determines that in the interest of justice the action should not be dismissed, the court may transfer the action to the District Court sitting in the same county."

judgment was not final and thus the appeal was premature. The appellate court stated that, because the transfer of the case to the District Court "neither settles the rights of the parties nor concludes the cause of action, it does not constitute a final appealable judgment." Consequently, the Court of Special Appeals did not consider any of the issues raised by Ferrell concerning the circuit court's jurisdiction and the scope of § 11–110(b) of the Courts and Judicial Proceedings Article.

Ferrell filed in this Court a petition for a writ of certiorari challenging the Court of Special Appeals' dismissal of her appeal. She has also presented questions relating to the merits of the circuit court's jurisdictional ruling. The defendants have answered, contending that the Court of Special Appeals' dismissal for lack of a final judgment was correct.

This Court has granted the petition limited to the matter of whether the Court of Special Appeals erred in dismissing Ferrell's appeal. We shall summarily reverse the Court of Special Appeals' judgment and remand the case for that court to decide the merits of the appeal.

The circuit court's judgment transferring Ferrell's action to the District Court of Maryland completely terminated the case in the circuit court. This Court has repeatedly held that an order "having the effect of terminating the case in the circuit court, is a final judgment." *Montgomery County v. Revere,* 341 Md. 366, 378, 671 A.2d 1, 7 (1996). *See, e.g., Moore v. Pomory,* 329 Md. 428, 431, 620 A.2d 323, 325 (1993) (circuit court's order dismissing complaint without prejudice is a final judgment because it "puts the plaintiff out of court and terminates the particular action in [that] court"); *Horsey v. Horsey,* 329 Md. 392, 402, 620 A.2d 305, 310 (1993) (circuit court order requiring the parties to arbitrate their entire dispute is a final judgment, as the "order effectively terminates that particular case before the trial court"); *Wilde v. Swanson,* 314 Md. 80, 83–87, 548 A.2d 837, 838–840 (1988) (dismissal of action on the ground of improper venue, like a dismissal for lack of jurisdiction, is a final judgment because

"the plaintiffs were deprived of the means of further prosecuting their claim against [the defendant] in that court"); *Doehring v. Wagner*, 311 Md. 272, 275, 533 A.2d 1300, 1301–1302 (1987) (circuit court's order granting the defendants' motion for summary judgment was a final judgment, as the order "put the plaintiffs out of court" and "terminat[ed] the litigation in that court"); *Houghton v. County Com'rs of Kent Co.*, 307 Md. 216, 221, 513 A.2d 291, 293 (1986).

The notion embraced by the defendants and the Court of Special Appeals in this case, that an order terminating the case in the circuit court is not final and appealable unless it settles the rights of the parties or concludes the cause of action, has consistently and expressly been rejected by this Court. We recently reviewed the issue and several of this Court's decisions in *Montgomery County v. Revere, supra*, 341 Md. at 377–378, 671 A.2d at 6–7, as follows:

"The County maintains that . . . the April 1990 court order, 'did not resolve any of the constitutional or statutory issues raised in the Amended complaint' and 'granted none of the relief prayed for.' . . . For this reason, according to the County, the April 1990 order was not final. A similar argument was recently rejected by this Court in *Horsey v. Horsey*, 329 Md. 392, 401–402, 620 A.2d 305, 310 (1993), where we stated:

'Contrary to the view expressed by the defendant . . . in this case, a trial court's order sometimes may constitute a final appealable judgment even though the order fails to settle the underlying dispute between the parties. Where a trial court's order has "the effect of putting the parties out of court, [it] is a final appealable order." *Houghton v. County Comm'rs. of Kent Co.*, 305 Md. 407, 412, 504 A.2d 1145, 1148 (1986), and cases there cited. *See, e.g., Wilde v. Swanson*, 314 Md. 80, 85, 548 A.2d 837, 839 (1988) ("An order of a circuit court . . . [may be] a final judgment without any adjudication by the circuit court on the merits"); *Doehring v. Wagner*, 311 Md. 272, 275, 533 A.2d 1300, 1301–1302 (1987) (trial court's order "terminating the litigation in that court" was a final

judgment); *Walbert v. Walbert,* 310 Md. 657, 661, 531 A.2d 291, 293 (1987) (circuit court's unqualified order was a final judgment because it "put Denise Walbert out of court, denying her the means of further prosecuting the case at the trial level"); *Houghton v. County Com'rs of Kent Co.,* 307 Md. 216, 221, 513 A.2d 291, 293 (1986); *Concannon v. State Roads Comm.,* 230 Md. 118, 125, 186 A.2d 220, 224–225 (1962), and cases there cited.'

"*See also Moore v. Pomory,* 329 Md. 428, 432, 620 A.2d 323, 325 (1993) (dismissal without prejudice, although not an 'adjudication on the merits,' was a final and appealable judgment).

"Thus, an order entered on the docket pursuant to Rule 2–601, and having the effect of terminating the case in the circuit court, is a final judgment."

A case very much on point is *Carroll v. Housing Opportunities Comm'n,* 306 Md. 515, 520, 510 A.2d 540, 542 (1986). In that case, Margaret Carroll, like Ruth Ferrell in the instant case, claimed in the circuit court that the amount in controversy was sufficient for her to be entitled to a jury trial in the circuit court. The circuit court, however, disagreed. Without reaching the merits of the case, the circuit court remanded the case to the District Court of Maryland for trial. In holding that the circuit court's orders were final and appealable, we stated (306 Md. at 520, 510 A.2d at 542):

"In the present case ... the circuit court's orders denied Mrs. Carroll all relief in the circuit court; they completely terminated the action in circuit court, remanding the case to the District Court for trial. Nothing was left to be done in the circuit court. Accordingly, the order was a final appealable judgment. *See Litton Bionetics v. Glen Constr.,* 292 Md. 34, 42, 437 A.2d 208 (1981); *Schultz v. Pritts,* 291 Md. 1, 5–6, 432 A.2d 1319 (1981); *Department of Public Safety v. LeVan,* 288 Md. 533, 540–544, 419 A.2d 1052 (1980)."

The same is true in the case at bar.

The circuit court's judgment in this case was final and appealable, and the Court of Special Appeals should have resolved the merits of the appeal.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED, AND CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. RESPONDENTS TO PAY COSTS IN THIS COURT. COSTS IN THE COURT OF SPECIAL APPEALS TO ABIDE THE RESULT IN THAT COURT.*