968 A.2d 1096

**George McDERMOTT et al.**

v.

**BB & T BANKCARD CORPORATION.**

**No. 2561 Sept.Term, 2007.**

Court of Special Appeals of Maryland.

March 31, 2009.

George McDermott, Pro Se Appellant.

Stephen G. Howe (Protas, Spivok & Collins, LLC, on brief), Bethesda, for Appellee.

Panel: HOLLANDER, GRAEFF, JJ., and LAWRENCE F. RODOWSKY, J. (Retired, specially assigned).

GRAEFF, Judge.

This appeal arises from a dispute between appellants, George and Patricia McDermott (the "McDermotts"), and BB & T Bankcard Corporation ("BB & T"), appellee, over BB & T's efforts to collect an unpaid credit card balance from the McDermotts. BB & T filed a collection action for $5,885.43, plus interest, attorney's fees, and costs, in the District Court of Maryland for Prince George's County. The McDermotts demanded a jury trial, and the District Court transferred the case to the Circuit Court for Prince George's County. The McDermotts subsequently filed counterclaims against BB & T, which sought damages exceeding $1,000,000. Upon motion by BB & T, the circuit court remanded the case to the District Court, concluding that it failed to acquire jurisdiction over the case because the amount in controversy alleged in the complaint did not exceed $10,000. The McDermotts appealed from the circuit court's order, and they presented several questions for our review, which we have rephrased and consolidated as follows:

1. Was the circuit court's order a final, appealable order?

2. Did the circuit court err by striking the appellants' request for a jury trial and remanding this case to the District Court? [1]

---

1. The McDermotts presented the following issues in their brief:
    1. Whether the Circuit Court's Order That this Case Be Transferred to the District Court Terminated the Action in the Transferring Court and Is Therefore a Final Judgment[?]
    2. Does the Circuit Court's Failure to Grant the Appellants a Hearing on Dispositive Motion(s) Violate the Due Process Clause of the United States and Maryland Constitutions?

For the reasons set forth below, we shall affirm the judgment of the circuit court.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 22, 2007, BB & T filed a complaint against the McDermotts in the District Court for Prince George's County. BB & T sought to collect $5,885.43 due on an unpaid credit card balance, $320.68 in interest, and $882.81 in attorney's fees, plus court costs. Several unpaid bills were appended to the complaint, as well as an affidavit executed by a BB & T employee. This affidavit set forth that the McDermotts agreed to be bound "by the terms of the VISA/MASTER-CARD Agreement," which included a 17.60% interest rate and a provision for an award of attorney's fees in the event of a lawsuit.

On July 6, 2007, the McDermotts filed a notice of intent to defend the lawsuit, which included a demand for a jury trial. On July 27, 2007, the McDermotts filed a second notice of intent to defend, explaining their defense as follows:

> The subject matter of the complaint is inextricably intertwined with the subject matter of a decade-long series of the [sic] civil cases before the Circuit Court for Prince George's County and which are now pending before the Maryland Court of Special Appeals (*McDermott, et al v. Bowie et al;* Appeal No. [1239], Sept. Term 2006) as it [sic] evident from the enclosed 36-page-long transcript of the oral argument heard on June 26, 2007 by said Court of Special Appeals. Defendants George and Patricia McDermott ("the McDermotts") will file a counterclaim and join additional parties within the time allowed by Md. Rule 3–331(d). Also, a separate motion for a stay of the action will be filed pursu-

---

3. Did the Circuit Court abuse its discretion by failing to hold the mandatory hearing on dispositive motion(s)?

4. Does the Circuit Court's Failure to Consider Counterclaims and Request for a Jury Trial Violate the Defendants' Rights Guaranteed under Articles 5 and 23 of the Constitution of Maryland?

ant to Md. Rule 3–331(f) and Md. Rule 3–311 within the time allowed by Md. Rule 3–331(d).

This notice also included a demand for a jury trial.

On August 13, 2007, the McDermotts filed a Motion To Join Additional Parties and a Motion For Stay, arguing that "[t]his action is inextricably intertwined with" a pending appeal.[2] On August 21, 2007, the District Court denied these motions.

On August 29, 2007, based on the McDermotts' demand for a jury trial, the District Court judge signed an order to transmit the record in this case to the Circuit Court for Prince George's County.

On October 3, 2007, the McDermotts filed a motion in the circuit court requesting that the court stay the proceedings "and/or" remove the case to another county. The McDermotts repeated their argument that this case was "inextricably intertwined" with a case that was pending in this Court and requested the court stay the proceedings until the issuance of this Court's opinion. They further asserted that it would be impossible for them to receive a fair trial in Prince George's County. On October 25, 2007, the circuit court denied this motion, noting that "there is no indication that this case is inextricably interwoven with the merits of other litigation in which the defendants are involved." With respect to the request for a transfer of venue, the circuit court denied the request because "neither of the defendants' statements [that allege prejudice against Mr. McDermott] comport with the requirements of Rule 2–505. . . ."

On October 29, 2007, BB & T filed a Motion To Strike Defendants' Jury Demand, arguing that the Maryland Rules did not confer a right to a jury trial in the case because the amount in controversy did not exceed $10,000. BB & T

---

**2.** The McDermotts included a transcript from oral argument in this Court in *McDermott et al. v. Bowie et al.*, No. 1239, Sept. Term 2006, 181 Md.App. 735, 181 Md.App. 743 (filed August 8, 2008). The underlying dispute in that case, which was the subject of five appeals to this Court, *id.*, slip op. at 2, involved litigation resulting from Mr. McDermott's loss of the controlling interest in a business.

further argued that, because the amount in controversy did not exceed $10,000, jurisdiction never vested in the circuit court, the McDermotts' jury demand should be struck, and the circuit court should remand this case to the District Court for trial. On November 13, 2007, the McDermotts filed an opposition motion. There was no request for a hearing on the motion.

On October 30, 2007, Mr. McDermott filed a motion to correct deficiencies in the court's records, requesting that the "chief judge and the clerk of the court please look into matters of missing records within the court's online data management system. . . ." The next day, Mr. McDermott filed an amended motion addressing the same issues. BB & T filed a motion to strike and oppose this pleading.

On November 26, 2007, the McDermotts filed counterclaims against BB & T regarding matters unrelated to the credit card debt and asserted these same claims against third party defendants.[3] The McDermotts set forth the following claims: breach of contract; interference with prospective profit; disparagement of title; a second claim for interference with prospective profit; civil conspiracy; and fraud. The McDermotts alleged, among other things, that "BB & T caused the theft of George McDermott's business and over 500,000.00 dollars in illegal liens on real and personal properties." They further alleged that BB & T conspired with the other parties to defraud the McDermotts. Although some of the claims requested relief "in an amount yet to be determined," several claims requested "an amount exceeding" $1,000,000, "its exact amount yet to be determined."

On December 19, 2007, the circuit court issued the following order, which, among other things, granted BB & T's motion to remand the case to the District Court for failure of the circuit court to acquire jurisdiction:

---

3. The motion is entitled "New Matter, Counterclaims, Crossclaims and Joinder of Parties, and Answer to Complaint."

Upon consideration of the Defendant's Motion and Request for the Court to Correct Numerous Deficiencies and the Defendant's Amendment to said Motion, pursuant to Maryland Rules 16–308, 16–1001, 16–10, 16–101, & 16–301[,] the Plaintiff's Motion to Strike and Opposition thereto, and the Record herein, it is this 19th day of December, 2007, by the Circuit Court for Prince George's County, Maryland,

**ORDERED,** that the Defendant's Motion to Correct Deficiencies be and is hereby **DENIED,** and it is further,

**ORDERED,** that the Plaintiff's Motion to Strike Defendants Motion and Amendment, pursuant to Maryland Rule 2–322(e), be and is hereby **GRANTED,** and it is further,

**ORDERED,** that the Plaintiff's Motion, pursuant to Articles 5 & 23 of Maryland's Declaration of Rights, to Remand this matter to the District Court of Maryland 5th District, sitting in Prince Georges [sic] County, is hereby GRANTED, for failure of the Prince Georges [sic] County Circuit Court to acquire jurisdiction.

(Emphasis in original.)   This timely appeal followed.

## DISCUSSION

The McDermotts argue that the circuit court erred in striking their request for a jury trial and remanding the case to the District Court.   Specifically, they argue that: (1) the court erred in finding that it did not have jurisdiction over the case because, once the counterclaims and cross-claim were filed, the amount in controversy exceeded $10,000; and (2) the court erred in failing to grant them a hearing.   BB & T contends that the circuit court's order remanding this case to the District Court is not a final judgment, and therefore, it is not an appealable order.   It further argues that the circuit court properly determined that it did not have jurisdiction to hear the case because the amount in controversy alleged in the complaint did not exceed $10,000.   Moreover, BB & T contends that no hearing was required because a hearing was not requested.

## I.

## Final Judgment

██ Initially, we address BB & T's contention that the circuit court's order, which remanded the case to the District Court, is not a final judgment because the order was "not effectively unreviewable on appeal." We conclude that this Court has jurisdiction to consider this appeal because the circuit court's order, which concluded the McDermotts' litigation in the circuit court, was a final judgment.

██ Maryland Code (2006 Repl. Vol.), § 12–301 of the Courts and Judicial Proceedings Article (CJP) provides that "a party may appeal from a final judgment entered in a civil or criminal case by a circuit court." Although a final judgment ordinarily entails resolving a case on the merits, the Court of Appeals has concluded that "an order is final if it terminates the litigation in a particular court." *Brewster v. Woodhaven Bldg. and Dev., Inc.*, 360 Md. 602, 611, 759 A.2d 738 (2000). The termination of litigation in a circuit court based on that court's transfer of a case to the District Court is an appealable final judgment. *Ferrell v. Benson*, 352 Md. 2, 5, 720 A.2d 583 (1998); *Carroll v. Housing Opportunities Com'n*, 306 Md. 515, 520, 510 A.2d 540 (1986).

In *Carroll*, the Housing Opportunity Commission of Montgomery County filed suit in the District Court to evict a tenant who breached a lease agreement. *Id.* at 518, 510 A.2d 540. The tenant demanded a jury trial, arguing that she satisfied the amount in controversy requirement because the "value of continued possession of her townhouse exceeded" the requisite amount. *Id.* After the case was transferred to the circuit court, that court concluded that the amount in controversy was insufficient to give the circuit court subject matter jurisdiction over the case, and it remanded the case to the District Court. *Id.* at 519, 510 A.2d 540. On appeal, the Court of Appeals concluded that the circuit court's order constituted a "final appealable judgment" because the circuit court's order denied Ms. Carroll all relief in the circuit court; it "completely terminated the action in circuit court, remanding the case to

the District Court for trial. Nothing was left to be done in the circuit court." *Id.* at 520, 510 A.2d 540.

The same analysis applies here. The circuit court's order remanding this case to the District Court constituted a final appealable order because it terminated the McDermotts' ability to litigate in the circuit court.

## II.

### Jury Trial Demand & Remand to District Court

We turn next to the merits of the appeal. We find that the circuit court properly held that it did not have jurisdiction to hear the case, and we find no merit to the McDermotts' claim that it was error to decide the issue without a hearing.

## A.

Resolving the issue of which court had jurisdiction to hear the case requires review of the statutes granting jurisdiction to the courts.[4] Maryland Code (2006 Repl. Vol.), § 1–501 of CJP provides:

> The circuit courts are the highest common-law and equity courts of record exercising original jurisdiction within the State. Each has full common-law and equity powers and jurisdiction in all civil and criminal cases within its county, and all the additional powers and jurisdiction conferred by the Constitution and by law, except where by law jurisdiction has been limited or conferred exclusively upon another tribunal.

One statute conferring jurisdiction exclusively upon another tribunal is found in § 4–401 of CJP, which provides that, with limited exceptions, "the District Court has exclusive original civil jurisdiction" over tort and contract actions where "the debt or damages claimed do not exceed $25,000, exclusive

---

4. The complaint was filed in June 2007, and the Court will refer to the statutory provisions in effect at that time.

of ... interest, costs, and attorney's fees," if applicable.[5] Actions that are tried in the District Court are tried without a jury. *Pickett v. Sears,* 365 Md. 67, 89, 775 A.2d 1218 (2001).

There are situations, however, in which a civil litigant with a case within the exclusive jurisdiction of the District Court has a right to demand a jury trial. Article 23 of the Maryland Declaration of Rights provides, in relevant part, that "[t]he right of trial by Jury of all issues of fact in civil proceedings in the several Courts of Law in this State, where the amount in controversy exceeds the sum of $10,000, shall be inviolably preserved." [6]

Maryland Rule 3–325 sets forth the procedure for requesting a jury trial, requiring the parties to file a separate written demand for a jury trial and providing the time requirements for the demand. A timely demand for a jury trial pursuant to Rule 3–325 vests jurisdiction in the circuit court when the amount in controversy exceeds $10,000. *Pickett,* 365 Md. at 91 n. 13, 775 A.2d 1218.

The legislature has made clear, however, that there is no right to a jury trial for civil claims in the District Court that do not exceed $10,000. Section 4–402(e) of CJP provides, in pertinent part, as follows:

(1) In a civil action in which the amount in controversy does not exceed $10,000, exclusive of attorney's fees if attorney's fees are recoverable by law or contract, a party may not demand a jury trial pursuant to the Maryland Rules.

(2) Except in a replevin action, if a party is entitled to and files a timely demand, in accordance with the Maryland Rules, for a jury trial, jurisdiction is transferred forthwith

---

5.  2007 Md. Laws, Chap. 84, which became effective on October 1, 2007, increased the jurisdictional amount in § 4–401 to $30,000.

6.  Article 5 of the Maryland Declaration of Rights provides, in part, that "[l]egislation may be enacted that limits the right to trial by jury in civil proceedings to those proceedings in which the amount in controversy exceeds $10,000."

and the record of the proceeding shall be transmitted to the appropriate court.

The complaint in this case sought $6,206.11, exclusive of attorney's fees, which is less than the amount that would entitle the McDermotts to a jury trial in circuit court.[7] The McDermotts contend, however, that after they requested a jury trial and the District Court ordered that the record be transferred to the circuit court, the circuit court obtained jurisdiction over the case. Thus, they argue, when they filed counterclaims requesting damages in "an amount exceeding" $1,000,000, the amount in controversy exceeded $10,000, and the circuit court erred in remanding the case to the District Court. BB & T argues, on the other hand, that the circuit court's initial lack of jurisdiction over the case cannot be cured by the McDermotts' subsequent filing of counterclaims in the circuit court.

We agree with the circuit court that it never acquired subject matter jurisdiction over the case. The Court of Appeals has rejected the contention made by the McDermotts that the "request for a jury trial immediately divests the District Court of jurisdiction and vests it in the [c]ircuit [c]ourt," regardless of the amount in controversy. In *Vogel v. Grant*, 300 Md. 690, 481 A.2d 186 (1984), the Court of Appeals made clear that, pursuant to § 4–402(e), "a prerequisite for the transfer of jurisdiction from the District Court to the circuit court, upon the demand for a jury trial, is that the demandant 'is entitled to . . . a jury trial.'" *Id.* at 700 n. 9, 481 A.2d 186 (quoting § 4–402). Here, as indicated, the McDermotts were not entitled to a jury trial because the amount in controversy in the complaint did not exceed $10,000. Although the District Court transmitted the record to the circuit court, jurisdiction did not vest in the circuit court.

We reject the argument that the counterclaims subsequently filed by the McDermotts in the circuit court, which request-

---

7. As indicated, BB & T sought to collect $5,885.43 due on an unpaid credit card balance, $320.68 in interest, and $882.81 in attorney's fees.

ed damages in an amount exceeding $1,000,000, were sufficient to meet the amount in controversy requirement to entitle the McDermotts to a jury trial. This is so for several reasons.

Initially, the counterclaims filed in the circuit court were of no effect. As explained, because the complaint did not seek damages exceeding $10,000, and, therefore, the McDermotts were not entitled to a jury trial, the circuit court never acquired jurisdiction over this claim. Under these circumstances, the filings in the circuit court were a nullity and the circuit court properly declined to consider them. *See Boyce v. Plitt,* 274 Md. 333, 336, 335 A.2d 101 (1975) (counterclaim that was procedurally improper because prematurely filed, as well as trial court action on the pleading, was "null and void").

Moreover, even if the counterclaims filed in the circuit court were not null and void, the circuit court properly declined to consider them in determining whether the amount in controversy exceeded $10,000. We hold that counterclaims should not be considered in determining whether the amount in controversy requirement is satisfied, particularly when the counterclaims were filed after the case was improperly transferred to the circuit court.

The parties did not cite, and we could not find, any Maryland caselaw directly addressing whether counterclaims should be considered in determining whether the amount in controversy is sufficient to entitle a litigant to a jury trial. BB & T argues that federal case law suggests that counterclaims may not be used to establish the jurisdictional amount to transfer a case from the District Court to the circuit court. We have previously looked to federal caselaw as a "logical reference" for guidance in the application of the "amount in controversy" requirement. *See Pollokoff v. Maryland Nat'l Bank,* 288 Md. 485, 491, 418 A.2d 1201 (1980). *Accord Carroll,* 306 Md. at 523, 510 A.2d 540 (Federal cases regarding the amount in controversy requirement "should be regarded as highly persuasive.").

There is support in the federal caselaw for the proposition that, in determining the amount in controversy, the court

looks solely to the amount claimed in the complaint.[8] *See Mace v. Domash*, 550 F.Supp.2d 101, 104 (D.D.C.2008) ("The amount in controversy is determined as of the time the action is commenced."); *Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir.1990) ("When determining whether the amount in controversy has been satisfied, we examine the complaint at the time it was filed."). Indeed, many federal courts have held that a court should not consider a counterclaim in determining the amount in controversy to establish federal diversity jurisdiction. *See, e.g., St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998) (damages requested in counterclaim could not be considered in determining whether case met amount in controversy requirement because "jurisdictional facts must be judged as of the time the complaint is filed"); *McMahon v. Alternative Claims Service, Inc.*, 521 F.Supp.2d 656, 658 (N.D.Ohio 2007) ("[T]his District has endorsed the majority view that a court should not consider the value of a defendant's compulsory counterclaim in determining the amount in controversy for removal jurisdiction."); *FLEXcon Co., Inc. v. Ramirez Commercial Arts, Inc.*, 190 F.Supp.2d 185, 187 (D.Mass.2002) ("The growing weight of authority holds, however, that the amount in controversy requirement cannot be satisfied by considering a defendant's counterclaim.").

Moreover, even if counterclaims in general could be considered to satisfy the $10,000 amount in controversy requirement for circuit court jurisdiction, they properly were not considered here. As BB & T notes, consideration of the counterclaims would allow the McDermotts "to bootstrap their way past the lack of jurisdiction in the Circuit Court resulting from their improper jury demand by [the] filing of counter claims."

---

8. A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... Citizens of different States." 28 U.S.C. § 1332(a)(1). Moreover, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction ... to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

The federal courts have held that the amount in controversy requirement cannot be met by filing a counterclaim after a case is removed to federal court. *See, e.g., Martin Pet Products (U.S.), Inc. v. Lawrence,* 814 F.Supp. 56, 58 (D.Kan. 1993) (rejecting argument that damages requested in counterclaim may be considered in establishing amount in controversy because "[t]he counterclaim had not been filed at the time of removal and cannot serve as a basis for later establishing this court's jurisdiction").

We further note that Md. Rule 3–331(f) specifically prohibits a District Court litigant from filing "a counterclaim or crossclaim that exceeds the monetary jurisdiction of the [District] court...." Thus, as the McDermotts acknowledge, they could not have filed the counterclaims seeking over $1,000,000 in the District Court. Again, it would defy logic to construe the statutes and rules to allow a party to remove a case to circuit court when the amount in controversy is less than $10,000 and then allow that party to file a counterclaim in an amount greater than it would be allowed to file in the District Court for the purpose of meeting the amount in controversy requirement.

Because the amount in controversy set forth in BB & T's complaint in the District Court was less than $10,000, the circuit court did not acquire jurisdiction of the case. The circuit court properly declined to consider the McDermotts' counterclaims in determining the amount in controversy, and it properly remanded the case to the District Court.

### B.

The McDermotts' next argument is that the circuit court's order should be reversed because it granted BB & T's motion to strike their demand for a jury trial without granting the parties a hearing. This contention is also without merit.

Maryland Rule 2–311(f) provides:

A party desiring a hearing on a motion ... shall request the hearing in the motion or response under the heading "Request for Hearing." Except when a rule expressly provides

for a hearing, the court shall determine in each case whether a hearing will be held, but the court may not render a decision that is dispositive of a claim or defense without a hearing if one was requested as provided in this section. Thus, the McDermotts had a right to a hearing on BB & T's motion to strike the McDermott's demand for a jury trial if: (1) a hearing was requested; and (2) the court's decision was dispositive of a claim or defense.

The McDermotts failed to establish the first requirement under Md. Rule 2–311(f) because they failed to request a hearing. Although the McDermotts did request a hearing on their "Defendant's Motion to Reconsider Denial of Their Motion for Stay and/or Removal the Matter to a Court of a Another County,"[9] they did not request a hearing on BB & T's motion to strike the McDermott's jury demand. Therefore, we find no error in the circuit court's failure to hold a hearing prior to striking the McDermott's jury trial demand.

With respect to the McDermotts' claim that their due process rights were violated by the circuit court's order striking the McDermotts' request for a jury trial without a hearing, we note that the right to due process "is the opportunity to be heard." *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Maryland Rule 2–311(f) provides the opportunity to be heard upon request, but the McDermotts failed to request a hearing on this motion. Accordingly, there was no violation of due process.

**JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**

---

**9.** No claim is raised on appeal regarding this motion. Moreover, we note that Md. Rule 2–311(f) does not require a circuit court to hold a hearing on a motion to reconsider even if the initial ruling was on a dispositive motion. *See Lowman v. Consolidated Rail Corp.*, 68 Md.App. 64, 75, 509 A.2d 1239 (concluding that a circuit court is not obligated to hold a hearing under Md. Rule 2–311(f) on a motion to reconsider a dispositive motion), *cert. denied*, 307 Md. 406, 514 A.2d 24 (1986).