56 A.3d 611

**Sharon McKLVEEN**

v.

**MONIKA COURTS CONDOMINIUM.**

**No. 1926, Sept. Term, 2011.**

Court of Special Appeals of Maryland.

Nov. 28, 2012.

William R. Ford, Camp Springs, MD, for Appellant.

Richard E. Schimel (G. Calvin Awkward, Budow and Noble, PC, on the brief), Bethesda, MD, for Appellee.

Panel: KRAUSER, C.J., ZARNOCH, and BERGER, JJ.

ZARNOCH, J.

## STATEMENT OF THE CASE

Appellant, Sharon McKlveen ("McKlveen"), appeals from an order of the Circuit Court for Prince George's County granting the motion of appellee, Monika Courts Condominium ("Monika Courts"), to strike her jury demand and transferring her case to the District Court for Prince George's County. For the reasons set forth below, we affirm the circuit court's ruling.

## FACTS AND LEGAL PROCEEDINGS

### I. Initiation of Legal Action

In March 2011, Monika Courts filed a complaint in the District Court of Maryland for Prince George's County against McKlveen, the owner of a Monika Courts condominium unit. Monika Courts alleged that McKlveen owed unpaid assessments and claimed damages of $3,219.17, plus interest of $127.00 and attorney's fees of $724.79, for a total of $4,070.96. McKlveen was served on May 12, 2011, and filed a Notice of Intention to Defend on May 27.

McKlveen also filed a counterclaim against Monika Courts on June 6. She asserted that she had made the requisite payments to Monika Courts and that it had failed to credit her for those payments. She claimed that Monika Courts' debt collection action amounted to violations of two Maryland statutes: the Maryland Consumer Protection Act, Md.Code (1975, 2005 Repl.Vol.), Commercial Law Article ("CL"), § 13–301 *et seq.*, and the Maryland Consumer Debt Collection Act, CL § 14–201 *et seq.* McKlveen alleged damages for each count of $11,000 and $15,000, respectively, for a total of $26,000. Finally, McKlveen also requested a jury trial.

Following McKlveen's jury trial request, the district court transferred the case to the circuit court. Subsequently, Monika Courts filed a Motion to Dismiss Counter–Plaintiff's Counterclaim, or in the Alternative to Strike Counter–Plaintiff's

Jury Demand. Monika Courts argued that Md.Code (1973, 2006 Repl.Vol.), Courts and Judicial Proceedings Article ("CJP"), § 4–405 gave the district court exclusive jurisdiction over its small claim action against McKlveen. It claimed that McKlveen "improperly attempted to divest the [d]istrict [c]ourt of jurisdiction over the original small claims collection case" by filing a $26,000 counterclaim that "exceed[ed] the jurisdiction of the small claims court," in violation of Md. Rule 3–331(f).[1] McKlveen responded with an Opposition to Motion to Dismiss Counter Claim and/or to Strike Jury Demand in which she argued that her counterclaim was within the monetary jurisdiction of the district court, that "the amount in controversy at the time the case was transferred to the circuit court was $26,000," and that her counterclaim should count towards the amount in controversy requirement for determining whether the parties are entitled to a jury trial.

## II. Circuit Court Hearing and Opinion

Pursuant to the request of both parties, the circuit court held a hearing on September 29, 2011.[2] The court subsequently denied Monika Courts' Motion to Dismiss McKlveen's counterclaim, but granted its Motion to Strike the Jury Demand. In a written opinion, Circuit Judge Sean D. Wallace observed that there was "little precedent in Maryland" on the issue of whether a counterclaim should count towards the amount in controversy requirement for a jury trial.

The court first considered *McDermott v. BB & T Bankcard Corp.*, 185 Md.App. 156, 158, 968 A.2d 1096 (2009), which involved a $1,000,000 counterclaim filed in response to a district court collection action seeking $5,885.43 in unpaid

---

1. Md. Rule 3–331(f) provides:

   A party may not file a counterclaim or cross-claim that exceeds the monetary jurisdiction of the court, but the court, on motion of a party having such a claim and for good cause shown, may grant a stay of the action against that party for a period and on the terms it deems proper to permit the party to commence an action in the circuit court on that claim.

2. No transcript from that hearing is contained in the record.

credit card debt, plus interest, attorney's fees, and costs. The defendants demanded a jury trial and, after the case was transferred to the circuit court, filed a counterclaim seeking more than $1,000,000 in damages. *Id.* at 161, 968 A.2d 1096. Judge Wallace found persuasive this Court's statement in *McDermott* that "counterclaims should not be considered in determining whether the amount in controversy requirement is satisfied."[3] *Id.* at 167, 968 A.2d 1096. The circuit court also noted that the Court of Appeals "has instructed lower courts to look at federal caselaw as a 'logical reference' in applying the amount in controversy requirement." In its review of federal cases, the circuit court found that counterclaims, like defenses, are not typically considered when determining the amount in controversy for jurisdictional purposes.

Finally, the circuit judge also pointed to three reasons for not considering damages asserted in a counterclaim when determining the amount in controversy. First, relying only on the complaint for the amount in controversy provides a "quick rule of thumb" that allows for "simplicity, clarity and ease of administration in the Maryland courts." Second, giving defendants the ability to determine the amount in controversy "would greatly expand the number of cases entitled to trial by jury," which is "contrary to the due regard for the district court's jurisdiction and authority." Finally, as master of the complaint, a plaintiff should be permitted to set or even reduce the value of a claim so as to "take advantage of the time and money savings inherent in the district court's expedited litigation."

The court ordered that the demand for a jury trial be stricken and remanded the case to the district court. McKlveen timely filed a Notice of Appeal on October 27, 2011.[4]

---

3. The circuit court interpreted this language as dicta because the counterclaim at issue in *McDermott* was filed *after* the case had been transferred to the circuit court. *McDermott,* 185 Md.App. at 160–61, 968 A.2d 1096. Here, McKlveen filed her counterclaim *before* the case was transferred to the circuit court.

4. Although an order striking a jury trial demand is ordinarily deemed interlocutory and not immediately appealable, *Old Cedar Dev. Corp. v.*

## QUESTION PRESENTED

McKlveen presents the following issue for resolution:

Should a counterclaim be considered in determining whether the amount in controversy entitles a party to trial by jury?

We answer this question in the negative and affirm the circuit court.

## DISCUSSION

### I. Standard of Review

We review the trial court's determination of legal questions or conclusions of law *de novo*. *Tribbitt v. State*, 403 Md. 638, 644, 943 A.2d 1260 (2008); *see also Schisler v. State*, 394 Md. 519, 535, 907 A.2d 175 (2006) (noting that when an issue "involves an interpretation and application of Maryland constitutional, statutory or case law, our Court must determine whether the trial court's conclusions are 'legally correct' under a *de novo* standard of review").

### II. Analysis

We respond to McKlveen's three primary arguments, which focus on the meaning of "amount in controversy," the right to a jury trial, and the availability of a stay in the district court.

#### A. Amount in Controversy

■ McKlveen first argues that "there is currently no controlling precedent in Maryland establishing that counterclaims are not to be considered in determining whether the amount in controversy entitles a party to a jury trial." She also argues that although Maryland courts look to federal caselaw for guidance on procedural matters, federal cases that

---

*Parker*, 320 Md. 626, 628, 579 A.2d 275 (1990), an order transferring a case from circuit court to district court is an appealable final judgment. *Ferrell v. Benson*, 352 Md. 2, 5, 720 A.2d 583 (1998) (An order having the effect of terminating a case is a final judgment); *McDermott*, 185 Md.App. at 163–64, 968 A.2d 1096.

declined to consider the value of a counterclaim when computing the amount in controversy did so for reasons other than determining the mode of trial, such as removal and diversity jurisdiction. In response, Monika Courts relies on this Court's decision in *McDermott*, 185 Md.App. at 167, 968 A.2d 1096, for the proposition that the complaint is the only source of information from which the amount in controversy can be drawn for jury trial purposes. It next argues that the "well-pleaded complaint rule" of the federal courts [5] provides a clear and persuasive reference for Maryland courts and that the rule's general exclusion of counterclaims should apply in this State.

This Court has said in *McDermott* that "counterclaims should not be considered in determining whether the amount in controversy requirement is satisfied." *Id.* Although both McKlveen and the circuit court interpret *McDermott's* holding as dicta, we disagree and find it to be a sound reflection of the state of the law. "When a question of law is raised properly by the issues in a case and the [c]ourt supplies a deliberate expression of its opinion upon that question, such opinion is not to be regarded as obiter dictum, although the final judgment in the case may be rooted in another point also raised by the record." *Schmidt v. Prince George's Hosp.,* 366 Md. 535, 551, 784 A.2d 1112 (2001).

*McDermott* required the Court to consider whether the value of a counterclaim counted towards the amount in controversy for jury trial purposes. In concluding that it did not, the Court made a decision about counterclaims generally, not just the specific counterclaim improperly filed by the defendants in *McDermott*. The sole difference between the counterclaim in *McDermott* and this case is timing. The *McDermott* defendants filed their counterclaim after the case was transferred from the district court to the circuit court, while

---

**5.** *See generally Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) ("Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.... The rule makes the plaintiff the master of the claim ....") (citations omitted).

McKlveen filed her counterclaim before the case was transferred.

Even assuming that the holding in *McDermott* is mere dicta and does not control, there is ample support for the proposition that the value of the amount in controversy depends solely on the plaintiff's complaint. First, Maryland caselaw strongly indicates that the value of the amount in controversy is drawn only from "the demand in the pleading." *See Purvis v. Forrest Street Apartments*, 286 Md. 398, 402, 408 A.2d 388 (1979) (finding amount in controversy included plaintiff landlord's demand for money damages as well as value of the possession of an apartment, but not any of defendant tenant's claims); *cf. Pollokoff v. Maryland Nat'l Bank*, 288 Md. 485, 500–01, 418 A.2d 1201 (1980) (rejecting attempted aggregation of individual plaintiffs' claims in order to meet jurisdictional amount in controversy requirement for filing in circuit court).

Second, the Court of Appeals has determined that federal caselaw provides a "logical reference" on which to rely when interpreting the amount in controversy requirement. *Pollokoff*, 288 Md. at 491, 418 A.2d 1201. Although the federal courts have not spoken with a unified voice on whether a counterclaim counts towards the amount in controversy for jurisdictional purposes, the majority of federal courts have ruled that a counterclaim should not be considered.[6] *E.g., Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir.1990) ("When determining whether the amount in controversy has been satisfied, we examine the complaint at the time it was filed."); *Conference Am., Inc. v. Q.E.D. Intern., Inc.*, 50 F.Supp.2d 1239, 1242 (M.D.Ala.1999) ("[T]he majority of courts in other circuits have held that the amount in controversy for removal purposes is to be determined solely by referring to the plaintiff's complaint and without regard to any subsequently filed counterclaims.").

---

6. These federal authorities address the amount in controversy for jurisdictional purposes. Because the Seventh Amendment to the U.S. Constitution preserves the right to jury trial in federal court civil cases when the amount in controversy is only $20 or more, there is no similar wealth of federal authority on the precise issue before us.

The amount in controversy therefore depends on what is alleged in the plaintiff's complaint. In this case, the amount in controversy amounts to $4,070.96, or the damages, fees, and interest that Monika Courts pleaded in its complaint. Because this amount does not exceed $15,000, neither Monika Courts nor McKlveen meets the requirements for requesting a jury trial.

### III. Common Law Jury Trial Right

■ McKlveen argues that she "has a fundamental right as a citizen of Maryland to have the claims raised by her counterclaim determined by a jury." She points to the Court of Appeals' conclusion in *Davis v. Slater*, 383 Md. 599, 614, 861 A.2d 78 (2004), that the legislature has not expressly abrogated the availability of jury trials, even in cases where the amount in controversy does not exceed $15,000. Absent such an express abrogation, McKlveen argues that jury trials should be available for cases in which the amount in controversy is less than $15,000. Monika Courts disputes McKlveen's view of the right to a jury trial and argues that the right is not absolute, as evidenced by the $15,000 jurisdictional minimum for jury trials set out in Article 5[7] and Article 23[8] of the

---

7. Art. 5(a) provides:

(1) That the Inhabitants of Maryland are entitled to the Common Law of England, and the trial by Jury, according to the course of that Law, and to the benefit of such of the English statutes as existed on the Fourth day of July, seventeen hundred and seventy-six; and which, by experience, have been found applicable to their local and other circumstances, and have been introduced, used and practiced by the Courts of Law or Equity; and also of all Acts of Assembly in force on the first day of June, eighteen hundred and sixty-seven; except such as may have since expired, or may be inconsistent with the provisions of this Constitution; subject, nevertheless, to the revision of, and amendment or repeal by, the Legislature of this State. . . .

(2) Legislation may be enacted that limits the right to trial by jury in civil proceedings to those proceedings in which the amount in controversy exceeds $15,000.

8. Art. 23 provides: "The right of trial by Jury of all issues of fact in civil proceedings in the several Courts of Law in this State, where the amount in controversy exceeds the sum of $15,000, shall be inviolably preserved."

Maryland Declaration of Rights.[9]

■ Trial by jury is preserved in the Maryland constitution as a privilege of citizenship. Art. 5; *see also Davis,* 383 Md. at 608–20, 861 A.2d 78 (tracing the history of the availability of jury trials in Maryland). Although the "fundamental aspects of the jury trial are not subject to change by the General Assembly," *Davis,* 383 Md. at 613, 861 A.2d 78, the right to a jury trial is not unlimited and is subject to modification by the legislature. *See* Art. 5. Indeed, "[i]t is well settled that the right to a jury trial may be subjected to reasonable regulation [and] it is generally acknowledged that it can, for all practical purposes, become meaningless to the individual and burdensome to the state unless the exercise of it is regulated to some extent." *Houston v. Lloyd's Consumer Acceptance Corp.,* 241 Md. 10, 14, 215 A.2d 192 (1965).

■ One way in which the right has been modified is the establishment of a minimum amount in controversy for eligibility for a jury trial. The required amount has increased over time, from $5 in 1850 to $15,000 today. *See* Art. 5; Art. 23; 2010 Md. Laws, Chap. 480 (raising amount in controversy

---

**9.** It is not clear that McKlveen can rely on a pre-July 4, 1776 common law right to jury trial on her counterclaim. The term "counterclaim" is a statutory creation. *See* 20 Am.Jur.2d *Counterclaim, Recoupment, Etc.* at § 1 (2005). It first appeared in Maryland in *Young v. Twigg,* 27 Md. 620 (1867), in the context of conflicting title claims on a piece of land. The term was first used in its modern sense in *Ess–Arr Knitting Mills, Inc. v. Fischer,* 132 Md. 1, 6, 103 A. 91 (1918), where the Court of Appeals considered a contract dispute and the "counterclaim of the defendant, under the plea of set-off." The roots of counterclaim lie in the equitable defenses of recoupment and setoff, which apply when a defendant makes a demand based on the same underlying transaction or a different transaction, respectively. *See Black's Law Dictionary* 1302, 1404 (8th ed. 2004). *See generally* W.H. Moreland, *Counterclaim and Equitable Defense in Virginia,* 3 Wash. & Lee L.Rev. 47 (1941). At common law, the plaintiff in an action at law had the unqualified right to control his action. *Gildea v. Lund,* 131 Md. 385, 388, 102 A. 467 (1917). Presumably, this principle is encompassed within the scope of Art. 5. Moreover, it would appear that no jury trial right attached to equitable actions of recoupment and setoff. In light of our resolution of McKlveen's common law issue, *infra,* we need not decide the case on historical grounds not briefed by the parties.

from $10,000 to $15,000); *Davis,* 383 Md. at 618, 861 A.2d 78. The right to a jury trial is "inviolably preserved" for all cases that exceed the threshold amount in controversy. *Davis,* 383 Md. at 618, 861 A.2d 78. By contrast, the legislature has the power to abrogate the common law right to a jury trial for cases that do not meet the statutory minimum, though the Court of Appeals has determined that the legislature has not actually done so. *See id.* The failure to abrogate does not mean, however, that a party can plead less than the required amount in controversy and still request a jury trial. The legislature has clearly required that parties may demand a jury trial only when they initially plead at least $15,000 in damages.

The distinction may be best illustrated by comparing this case with the facts of *Davis.* In that case, the parties had originally and properly made a demand for a jury trial, with an initial pleading claiming an amount in controversy of $25,000. 383 Md. at 602, 861 A.2d 78. Only after the plaintiff reduced his damages to $10,000,[10] did he also argue that a jury trial was no longer available. *Id.* at 603, 861 A.2d 78. The Court of Appeals rejected this argument because it found that the legislature had not completely eliminated jury trials for claims under the statutory minimum.[11] The legislature has, however, foreclosed the possibility of asking for a jury trial when there is only a claim under $15,000 from the beginning of the proceedings. Here, Monika Courts filed a complaint alleging less than $5,000 in damages, far below the minimum amount in controversy necessary for a jury trial. Unlike the parties in *Davis,* McKlveen cannot argue that this case was

---

**10.** When the complaint in *Davis* was filed, a party could request a jury trial when the amount in controversy exceeded $10,000. *See* 383 Md. at 602, 861 A.2d 78.

**11.** The Court of Appeals' conclusion that a reduction in the amount in controversy does not remove jury trial eligibility mirrors the federal practice that "[j]urisdiction, once established, cannot be destroyed by a subsequent change in events." *Klepper,* 916 F.2d at 340; *see also Rosado v. Wyman,* 397 U.S. 397, 405 n. 6, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970) (citations omitted).

eligible for a jury trial from the moment the complaint was filed because the damages alleged in the complaint did not exceed $15,000.

We therefore find that McKlveen's claim that she has a "fundamental right as a citizen of Maryland to have the claims raised by her counterclaim determined by a jury" overstates her right to a jury trial.[12]  *Davis* does not stand for the proposition that the common law right to a jury trial exists for all possible claims, as McKlveen asserts.  Rather, the Court of Appeals found that the legislature has set certain requirements for jury trials, such as an amount in controversy requirement.  These requirements stand independently of the Court's recognition that the legislature has never completely abrogated the right to a jury trial in cases where a litigant pleads an amount in controversy below the statutory minimum.  Following *Davis,* a post-complaint reduction in the claimed damages does not automatically render a case ineligible for a previously requested jury trial, but it must have been eligible in the first place.[13]  Because Monika Courts alleged less than $15,000 in damages in its complaint, neither it nor McKlveen could properly make a demand for a jury trial.[14]

## IV.  Stay of the District Court Action

■  Finally, McKlveen takes issue with the fact that a district court judge may—but not must—grant a stay in the district court in response to the filing of a related circuit court

---

**12.**  Of course, McKlveen is not denied a jury trial on her counterclaim, if she pursues it as a separate action in the circuit court.  She just cannot drag Monika Courts' claim along with her.

**13.**  The Court of Appeals specifically reserved the question of "whether the entitlement to a jury trial exists in small claims cases."  *Davis,* 383 Md. at 614 n. 10, 861 A.2d 78;  *see* CJP § 4–405 (setting a $5,000 maximum for small claims cases in district court).  Because neither McKlveen nor Monika Courts has raised the broader question of whether a jury trial may ever be demanded in a small claims action, we do not reach the issue here.

**14.**  To conclude otherwise would deprive Monika Courts of its right to pursue an action in the district court without a jury.

proceeding.[15] She also contends that the applicable procedural rules present her with the "dilemma" of foregoing a jury trial should she file her counterclaim in the district court or facing *res judicata* consequences should she file a separate action in circuit court. Monika Courts responds that McKlveen's claims would not be barred by *res judicata* should she choose to file a separate circuit court action because the counterclaims are "not required to be raised" in her defense of this action.

Md. Rule 3–331(f) permits a district court to grant a stay of an action when a counterclaim exceeds the jurisdiction of the district court. McKlveen is not satisfied with the permissive phrasing of the rule and argues that without the guarantee of a stay, a party that files an action in the circuit court runs the risk of *res judicata* because district court cases are likely to be resolved "long before [a] circuit court action would be tried."

We note, however, that McKlveen's claims on their own, absent the jury demand, do not appear to exceed the jurisdiction of the district court. The district court has exclusive jurisdiction over "[a]n action in contract or tort, if the debt or damages claimed do not exceed $30,000 exclusive of prejudgment or postjudgment interest, costs, and attorney's fees if attorney's fees are recoverable by law or contract." CJP § 4–401(a). Monika Courts claimed a principal debt of $3,219.17, and McKlveen counterclaimed for $26,000, amounting to a total of $29,219.17 in alleged damages—less than the $30,000 jurisdictional limit of the district court. As far as Md. Rule 3–331(f) is concerned, McKlveen would be ineligible for the stay whose availability she questions. The relief she seeks would more appropriately be obtained under Md. Rule 3–508(a),[16] as a motion for a continuance in the district court.

---

**15.** The record does not indicate what, if anything, happened at the district court following the circuit court's transfer of this case.

**16.** Md. Rule 3–508(a) provides, that in a civil case in the district court: "On motion of any party or on its own initiative, the court may continue a trial or other proceeding as justice may require."

As a general matter, a broad reading of the permissive "may" in Rules 3–331(f) and 3–508(a) would go far in appeasing anxious litigants like McKlveen that a district court case would not march forward while a circuit court case on the same issue was pending. When faced with a request for a stay under Rule 3–331(f) or a motion for a continuance under Rule 3–508(a), when the amount of the counterclaim does not exceed the jurisdictional amount of the district court, and the threat of *res judicata* is genuine, district courts should readily consider and grant the sought-after relief.

Moreover, even in the absence of a stay, we are not convinced that in this case *res judicata* would apply and bar McKlveen's counterclaim were she to pursue a separate action in the circuit court. *See Rowland v. Harrison,* 320 Md. 223, 233, 577 A.2d 51 (1990) (defining Maryland's counterclaim rule as "permissive and not mandatory"). *Res judicata* requires "(1) that the parties in the present litigation are the same or in privity with the parties to the earlier dispute; (2) that the claim presented in the current action is identical to the one determined in the prior adjudication; and (3) that there has been a final judgment on the merits." *Anne Arundel County Bd. of Educ. v. Norville,* 390 Md. 93, 107, 887 A.2d 1029 (2005). The second element would not appear to be met here, as McKlveen's counterclaims are not identical to Monika Courts' claim.[17]

Monika Courts filed a breach of contract claim against McKlveen, for her alleged failure to pay assessments she owed under the condominium by-laws. McKlveen did not use her counterclaims to dispute the existence of the debt; rather, she raised issues that related to the method in which the debt was collected. Her claims under the Maryland Consumer Protection Act and the Maryland Consumer Debt Collection Act both

---

17. The elements of *res judicata* are recognized in Md. Rule 2–331 as well. Counterclaims that must be filed in response to a complaint are only those that are specifically required by statute or so interrelated with the claim that successful prosecution of a second action would nullify a first action. *See* Md. Rule 2–331(a); *Rowland,* 320 Md. at 233, 577 A.2d 51.

concern the collection, not the existence, of debts. *See* CL § 13–303(5) (prohibiting unfair or deceptive trade practices in the collection of consumer debts); CL § 14–202 (prohibiting various methods, such as the use or threat of force or violence, when collecting alleged debts). The counterclaim does not serve as an avenue for challenging the validity of the debt itself, and, presumably, a district court decision about the existence of the debt would not preclude a later circuit court challenge by McKlveen over the methods Monika Courts used to collect the debt.

For all of these reasons we affirm the judgment of the circuit court.

**JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**